**Gladstone BOOTH et al.**

v.

**The UNITED STATES.**

No. 323–69.

United States Court of Claims.

Jan. 22, 1971.

Edwin J. McDermott, Philadelphia, Pa., attorney of record for plaintiff.

Edward M. Jerum, Washington, D. C., with whom was Asst. Atty. Gen. William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## ON DEFENDANT'S MOTION FOR REHEARING

PER CURIAM:

This case is now before the court on defendant's motion for rehearing to alter the court's order of July 2, 1970, which denied motions of both parties for summary judgment. The motion for rehearing is denied.

Plaintiffs are physical science technicians, Grades GS–7 and GS–8, series 1311, classified civil service employees in the Personnel Support Center of the Defense Supply Agency (DSA). Their duties include the testing of certain items of equipment for low temperature resistance inside a laboratory "cold room", where they encounter temperatures as low as –40° Fahrenheit. Because of this plaintiffs sought the hazardous duty pay differential provided by statute. The statute involved is 5 U.S.C. § 5545(d) (Supp. V, 1965–69), which reads as follows:

> The Commission shall establish a schedule or schedules of pay differentials for irregular or intermittent duty involving unusual physical hardship or hazard. Under such regulations as the Commission may prescribe, and for such minimum periods as it determines appropriate, an employee to whom chapter 51 and subchapter III of chapter 53 of this title applies is entitled to be paid the appropriate differential for any period in which he is subjected to physical hardship or hazard not usually involved in carrying out the duties of his position. However, the pay differential—

> (1) does not apply to an employee in a position the classification of which takes into account the degree of physical hardship or hazard involved in the performance of the duties thereof; * * *

There is no contention here that the degree of hazard has been taken into account in the classification of plaintiffs' positions.

The Regulations established by the Civil Service Commission (CSC) pursuant to the statute, *supra*, are found in 5 C.F.R. § 550.901 et seq. (1969). Most pertinent is § 550.903, which provides, in part, as follows:

> (a) A schedule of hazard pay differentials, the hazardous duties or duties involving physical hardship for which they are payable, and the period during which they are payable is set out as Appendix A to this subpart * * *

> (b) Amendments to Appendix A may be made by the Commission on its own motion or at the request of an Agency. * * *

The Regulations go on to provide, in § 550.904, that an agency will pay the hazard pay differential to "an employee who is assigned to and performs any irregular or intermittent duty specified in the appendix".

In accordance with these Regulations, and apparently at the request of plaintiffs, DSA, by letter of July 3, 1967, requested CSC to consider the authorization of a hazardous duty pay differential for the plaintiffs. The request was disapproved, whereupon plaintiffs filed suit in this court.

The parties filed opposing motions for summary judgment which we denied by order, *supra*, in the following language:

> * * * the court being of the opinion that the plaintiffs are not barred by failure to exhaust their administrative remedies embodied in DSA Regulation No. 1428.1, COMPLAINTS AND GRIEVANCES, the matter being one over which the Director, DSA, had no control, and re-

sort to the Regulation not appearing to be mandatory, but that there may be an issue of fact whether the refusal of the Civil Service Commission to schedule plaintiffs' occupation as involving hardship or hazard may have been arbitrary or capricious; * * *

Then, on August 3, 1970, defendant filed this motion for rehearing on grounds that (1) there are no material facts at issue, (2) if there is an issue of fact, the court should decide by review of the administrative record rather than remand to the trial commissioner, and (3) if the administrative record is inadequate for such determination, we should suspend proceedings to allow CSC to make additional findings.

■ Defendant's first ground, that there are no material facts in issue, offers us nothing new and has already been decided adversely to defendant. There are such facts. The second and third grounds really stem from the allegations of defendant's rejected motion for summary judgment wherein it was charged that plaintiffs had never sought redress of their claims through the appropriate administrative machinery. But defendant has not cited us to any directive which provided plaintiffs with a proper administrative forum. As we indicated in our order, *supra*, plaintiffs were not required to pursue the "grievance" procedure provided by the applicable DSA Regulation because the relief asked for was beyond the power of DSA to grant. *See* United States v. Anthony Grace & Sons, Inc., 384 U.S. 424, 429–30 (1966). Defendant has referred us to 5 C.F.R. § 550.903, as the applicable CSC Regulation. But subsection (b) therein provides on its face only for action by the CSC on its own motion or at the request of an agency. There is no provision for an *employee* to initiate action such as that involved here. When CSC denied the recommendation of DSA that the plaintiffs be authorized the hazardous duty pay differential, there was no other administrative remedy available to these plaintiffs.

The denial was based solely on the letter recommendation of the Agency. It was not as the result of an adversary proceeding nor did the Regulations provide for one. Counsel for defendant admitted during oral argument that there are in fact, no published established procedures at the present time for a hearing on the type of claim here involved, although he did indicate that, in this instance, the CSC would grant such a hearing. This concession, however, not only comes too late in the proceedings, but is certainly not a mandatory administrative remedy. The rule has been followed ever since Smithmeyer v. United States, 147 U.S. 342, 13 S.Ct. 321, 37 L. Ed. 196 (1893), that administrative remedies which are permissive only are not a pre-requisite to a suit in this court. Insofar as defendant may argue that, apart from the doctrine of exhaustion of administrative remedies, we cannot, or should not, try out in this court the factual issues in this personnel case, but must return the litigation to the Commission for that purpose, we hold that there is certainly no such requirement where neither a statute nor a regulation provides for any administrative hearing.

■ Implicit in the court's original order, and made explicit now, is that the refusal of the CSC to schedule plaintiffs' occupation as involving hardship or hazard is binding unless arbitrary or capricious. Therefore the commissioner will receive evidence but the fact issue is not in the nature of a redetermination *de novo* of the hardship or hazardous nature of the occupation, as plaintiffs would wish it to be. *Cf.* Brown v. United States, 396 F.2d 989, 184 Ct.Cl. 501 (1968).

Accordingly, defendant's motion for rehearing is denied.