Plaintiffs, physical science technicians employed by Defense Supply Agency, seek the hazardous duty pay differential authorized by 5 U.S.C. § 5545(d) (1970) and denied by the Civil Service Commission. In an opinion dated January 22,1971, reported at 193 Ct. Cl. 790, 436 F. 2d 474, the court denied defendant’s motion for rehearing of the order of the court dated July 2, 1970 denying motions of both parties for summary judgment, holding that there were material facts at issue and that plaintiffs had exhausted their administrative remedies. The court pointed out that the refusal of the Commission to schedule plaintiffs’ occupation as involving hardship or hazard is binding unless arbitrary or capricious, and in remanding the case to the commissioner to receive evidence stated that “the fact issue is not in the nature of a redetermination de novo of the hardship or hazardous nature of the occupation.” Commissioner C. Murray Bernhardt, in a report filed May 8,1972, concluded that the de novo evidence provided through trial in this court does not disturb the negative conclusion reached by the Civil Service Commission, and accordingly that the Commission was not arbitrary or capricious either in refusing to schedule plaintiff’s duties in the cold room as involving unusual physical hardship or hazard, or in the procedures resulting in *884 such determination. This case came before the court on exceptions of the parties to the commissioner’s recommended decision. Upon consideration thereof, together with the briefs and oral argument of counsel, the court agreed with the commissioner’s findings of fact and recommended conclusion of law and is in substantial agreement with his reasons for holding that the Civil Service Commission’s determination was not arbitrary, capricious or unlawful. By order dated April 20, 1973 the court adjudged that plaintiffs are not entitled to recover and dismissed the petition.