## UNITED STATES *v.* ANTHONY GRACE & SONS, INC.

No. 439.  Argued March 23, 1966.—Decided June 6, 1966.

*Louis F. Claiborne* argued the cause for the United States.  With him on the brief were *Solicitor General Marshall, Assistant Attorney General Douglas, David L. Rose* and *Robert V. Zener.*

*David Fromson* argued the cause and filed a brief for respondent.

MR. JUSTICE WHITE delivered the opinion of the Court.

In *United States v. Carlo Bianchi & Co.,* 373 U. S. 709, we held that, aside from questions of fraud, a reviewing

court is limited to the administrative record made below in determining the finality to be given departmental decisions and findings made by a Board of Contract Appeals pursuant to a standard government disputes clause. In the present case we are called upon to decide whether the reviewing court or the Board of Contract Appeals should make the original record on an issue which the Board did not resolve because it erroneously dismissed the appeal before it as untimely.

The question is framed by the following facts. The Department of the Air Force issued an invitation for bids for the construction of a military housing project at Topsham Air Force Station, Maine. The invitation included a tentative minimum wage schedule which the contractor would have to meet. It also advised that the wage schedule would be finally redetermined by the Secretary of Labor not more than 90 days prior to the commencement of construction and that the Federal Housing Commissioner would then adjust the contract price to reflect any changes made in the wage schedules.[1] In addition, the successful bidder was required to complete certain preparatory acts in order to close the contract and to post a $25,000 deposit to ensure the closing of the contract. Respondent, Anthony Grace & Sons, Inc., was the low acceptable bidder and a letter of acceptability was sent to it. That letter reminded

---

[1] See the Davis-Bacon Act, 46 Stat. 1494, as amended, 40 U. S. C. § 276a (1964 ed.). No provision was made in the bid invitation or letter of acceptability for review of the determinations of the Secretary of Labor or the Housing Commissioner. The Armed Services Board of Contract Appeals has held that in these circumstances it is without jurisdiction to review such determinations. *Len Co. & Associates,* 1962 B. C. A., ¶ 3498, 17,854 (ASBCA). This Court has indicated that, as to the wage standards set by the Secretary of Labor, there is no judicial review. *United States* v. *Binghamton Construction Co.,* 347 U. S. 171, 177.

respondent that failure to close the contract within a specified number of days was sufficient justification to warrant the Department of the Air Force in cancelling the bid and letter of acceptability, in retaining the deposit for liquidated damages and in determining additional liability for actual damages. A disputes clause in the letter of acceptability made such decision by the Department of the Air Force final unless, within 30 days from the receipt of the decision, respondent appealed to the Armed Services Board of Contract Appeals, whose decision would be final and conclusive unless fraudulent or capricious or arbitrary, or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence.[2] After receiving subsequent wage schedules from the Secretary of Labor, respondent concluded that certain work was being placed in higher wage categories than was provided in the specifications which accompanied the bid invitation. On the basis of this alleged deviation from the original specifications respondent asked

---

[2] This clause, which varies somewhat from the standard disputes clause, reads as follows:

"Failure to perform all obligations prior to the time prescribed for closing will be just cause for cancelling all commitments undertaken with you in connection with the housing project and for the recovery under your bid security of liquidated damages in the sum of $25,000, together with actual damages to the Department, such actual damages to be itemized and determined by the Contracting Officer, whose decision will be reduced to writing and furnished to you by mail or otherwise. Such decision shall be final and conclusive unless, within 30 days from the receipt thereof, you appeal in writing to the head of the Department or his duly authorized representative, and his decision shall, unless determined by a court of competent jurisdiction to have been fraudulent or capricious or arbitrary, or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence, be final and conclusive. In connection with any appeal under this paragraph you will be afforded an opportunity to be heard and to offer evidence in support of your appeal."

first the Housing Commissioner and then the Department of the Air Force to raise the contract price. These requests were refused and respondent then notified the Air Force that it would be unable to complete the closing until this matter was cleared up. In the ensuing exchange of letters, the contracting officer informed respondent that its bid and the letter of acceptability were being canceled and its deposit was being retained. Pursuant to the disputes clause, respondent appealed this decision to the Armed Services Board of Contract Appeals, which dismissed the appeal as out of time without considering the merits of the case. Respondent then sued in the Court of Claims to recover its deposit and for damages resulting from the Government's alleged wrongful cancellation. That court concluded that the appeal to the Board was timely and that the Board had erred in not reaching the merits of the case. With Judges Davis and Laramore dissenting, the court then decided to remand the case to its own trial commissioner, rather than to the Board of Contract Appeals, to make a record and consider the case on its merits. The Government asked us to grant certiorari to consider whether this was in violation of the principles announced in the Wunderlich Act [3] and *United States* v. *Carlo Bianchi & Co., supra.* We granted certiorari, 382 U. S. 901, and we now reverse.

---

[3] The Wunderlich Act, 68 Stat. 81, 41 U. S. C. §§ 321–322, provides:

"That no provision of any contract entered into by the United States, relating to the finality or conclusiveness of any decision of the head of any department or agency or his duly authorized representative or board in a dispute involving a question arising under such contract, shall be pleaded in any suit now filed or to be filed as limiting judicial review of any such decision to cases where fraud by such official or his said representative or board is alleged: *Provided, however,* That any such decision shall be final and conclusive unless the same is fradulent [*sic*] or capricious or arbitrary or so

This question was anticipated in *Bianchi, supra,* where we considered what a reviewing court should do when the administrative record is defective, or inadequate or reveals the commission of a prejudicial error. Two suggestions were given:

> *"First,* there would undoubtedly be situations in which the court would be warranted, on the basis of the administrative record, in granting judgment for the contractor without the need for further administrative action. *Second,* in situations where the court believed that the existing record did not warrant such a course, but that the departmental determination could not be sustained under the standards laid down by Congress, we see no reason why the court could not stay its own proceedings pending some further action before the agency involved. Cf. *Pennsylvania R. Co.* v. *United States,* 363 U. S. 202. Such a stay would certainly be justified where the department had failed to make adequate provision for a record that could be subjected to judicial scrutiny, for it was clearly part of the legislative purpose to achieve uniformity in this respect." 373 U. S. 709, 717–718.

The policy reflected in this language, which requires utilization of the administrative procedures contractually bargained for, was clearly intended by Congress, see H. R. Rep. No. 1380, 83d Cong., 2d Sess. (1954); *United States* v. *Carlo Bianchi & Co., supra,* at 715–718, and it has been consistently reflected in a long line of decisions by this Court. See *United States* v. *Wunderlich,* 342 U. S. 98;

---

grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence.

· "Sec. 2. No Government contract shall contain a provision making final on a question of law the decision of any administrative official, representative, or board."

*United States* v. *Moorman,* 338 U. S. 457; *United States* v. *Holpuch Co.,* 328 U. S. 234; *United States* v. *Blair,* 321 U. S. 730; *United States* v. *Callahan Walker Construction Co.,* 317 U. S. 56; *Kihlberg* v. *United States,* 97 U. S. 398. Pre-eminently, this policy is grounded on a respect for the parties' rights to contract and to provide for their own remedies. See *United States* v. *Utah Construction & Mining Co., ante,* p. 394; *United States* v. *Moorman, supra,* at 461–462. But, beyond that, there is also a belief that resort to administrative procedures is an expeditious way to settle disputes, conducive to speed and economy.[4] *United States* v. *Blair, supra,* at 735. Such procedures also facilitate a department's supervisory control over contracting officers and perhaps enhance the possibility of harmonious agreement. *Ibid.* Further, reliance upon a few expert agencies to make the records and initially to pass on the merits of the claims properly presented to them will lead to greater uniformity in the important business of fairly interpreting government contracts.

There can be no doubt that the dispute here over the decision by the Department of the Air Force to cancel respondent's commitments under the bid and letter of acceptability and to retain the deposit is one which the parties contractually provided should be heard and decided by the administrative process. Barring some compelling policy reason to disregard this provision, the contractor should be held to its contractual agreement even at this stage in the litigation.

It is true that this Court has said on several occasions that the parties will not be required to exhaust the ad-

---

[4] See Hearing before the Subcommittee for Special Investigations of the House Committee on Armed Services on H. Res. No. 67, Inquiry Into the Administration and Operation of the Armed Services Board of Contract Appeals, 85th Cong., 2d Sess., 794–795 (1958).

ministrative procedure if it is shown by clear evidence that such procedure is "inadequate or unavailable." *United States* v. *Holpuch Co., supra,* at 240; *United States* v. *Blair, supra,* at 736–737. It may be that the contracting officer, *H. B. Zachry Co.* v. *United States,* 170 Ct. Cl. 115, 344 F. 2d 352, or the Board of Contract Appeals, *Southeastern Oil Florida, Inc.* v. *United States,* 127 Ct. Cl. 480, 115 F. Supp. 198, so clearly reveals an unwillingness to act and to comply with the administrative procedures in the contract that the contractor or supplier is justified in concluding that those procedures have thereby become "unavailable." Similarly, there may be occasions when the lack of authority of either the contracting officer or the administrative appeals board is so apparent that the contractor or supplier may justifiably conclude that further administrative relief is "unavailable." [5] But these circumstances are clearly the exceptions rather than the rule and the inadequacy or unavailability of administrative relief must clearly appear before a party is permitted to circumvent his own contractual agreement. When the Board fails to reach and decide an issue because it disposes of the appeal on another ground—here the untimeliness of the appeal—which the Court of Claims later rejects, there is no sound reason to presume that the Board will not promptly and fairly deal with the merits of the undecided issue if it is given the chance to do so. [6]

---

[5] See *United States* v. *Utah Construction & Mining Co., supra; C. J. Langenfelder & Son, Inc.* v. *United States,* 169 Ct. Cl. 465, 341 F. 2d 600.

[6] We see no reason, in this regard, to distinguish between theories of liability not considered below and the issue of damages, which may not initially have been considered if the Board found no liability. If, because of the disposition of the case on appeal, any of these issues becomes important, the Board should be given an opportunity to consider them first. The rule we announce necessarily dis-

The Court of Claims in this case attempted to justify bypassing the Board of Contract Appeals because it felt the dispute could be resolved more speedily if its Trial Commissioner made the record and initially passed on the merits. The dissenting judges question the factual accuracy of the premises.[7] Even if the premises were sound, however, this argument falls substantially short of establishing that the administrative route is inadequate or unavailable.[8]

Nor is it persuasive to say that the administrative remedy is inadequate in this case because the Board of Contract Appeals considers itself unable to review wage determinations by the Secretary of Labor or the corresponding bid adjustments by the Federal Housing Commissioner. The necessity of determining the va-

---

approves of such cases as *Stein Bros. Mfg. Co.* v. *United States,* 162 Ct. Cl. 802, 337 F. 2d 861, and *WPC Enterprises, Inc.* v. *United States,* 163 Ct. Cl. 1, 323 F. 2d 874, in which the Court of Claims retained the issue of damages after it reversed the Board's finding of no liability.

[7] Brief for the Government, p. 20, n. 14, indicates that it may actually take longer for the Court of Claims to dispose of a case than it would for the boards.

[8] To the extent that the Court of Claims may have been worried about duplicity of evidentiary hearings, see *United States* v. *Carlo Bianchi, supra,* at 717, it partially answered itself in *Morrison-Knudsen Co.* v. *United States,* 170 Ct. Cl. 757, 345 F. 2d 833, decided the same day. There the Court of Claims held that when the Board of Contract Appeals has jurisdiction to consider a certain issue and to award full relief and it makes a record on the factual matters underlying that issue, judicial review of those factual findings, for whatever purposes, shall be limited to the record made by the Board. We hold, in *United States* v. *Utah Construction & Mining Co., supra,* that factual findings made by a board pursuant to a claim properly before it, if they otherwise satisfy the standards of the Wunderlich Act, shall not be relitigated even in a court action for relief that is not available under the contract. Hence, there will be only one evidentiary hearing.

lidity of these determinations and adjustments is speculative at best. The issue involved here is whether the Department of the Air Force was justified in cancelling respondent's commitments, retaining its deposit and itemizing certain damages. This raises questions concerning the propriety of respondent's failure to press forward to close the contract regardless of an outstanding wage dispute. And this, in turn, requires an analysis of the original bid invitation and accompanying specifications, the custom and usage of the trade, and the subsequent conduct of both parties to this dispute. Obviously there are factual issues to be resolved and that task is initially for the Board, not the Court.[9]

Another argument advanced by the Court of Claims is that it lacks authority to remand the case and the Board may refuse to consider it again. At this stage of the proceedings this fear may be dismissed as a hypothetical one. There will be time enough later, if this fear ever materializes, to consider whether the reviewing court would then be authorized to make its own record. In this regard it should be noted that, in *Bianchi, supra,* we suggested one way of dealing with this problem:

> "And in any case in which the department failed to remedy the particular substantive or procedural defect or inadequacy, the sanction of judgment for

---

[9] The Board below observed, "The parties are in complete agreement that it was and is their mutual interpretation that in the event a timely appeal is taken thereunder the 'disputes paragraph' of the Letter of Acceptability confers jurisdiction on the Board to review a decision relating to cancellation of commitments, withholding of bid security, and itemization and determination of actual damages." Both the Court of Claims and the Trial Commissioner observed that there were "unresolved issues of fact" underlying the issues in this case. 170 Ct. Cl. 688, 691, 345 F. 2d 808, 810.

the contractor would always be available to the court." 373 U. S. 709, 718.

See also *Interstate Commerce Comm'n* v. *Atlantic Coast Line R. Co.*, 383 U. S. 576, 601.[10]

*Reversed.*

---

[10] There is analogy for the rule we announce today in other areas of administrative law. See, *e. g., Securities Comm'n* v. *Chenery Corp.*, 318 U. S. 80, and *Connecticut Light & Power Co.* v. *Federal Power Comm'n*, 324 U. S. 515, where this Court ordered the cases remanded to the agencies for further findings and consideration rather than itself curing the inadequacies of the records below. See generally, Davis, Administrative Law Treatise, §§ 16.01, 20.06 (1958). The same general rule also applies in the area of labor arbitration. In *United Steelworkers of America* v. *Enterprise Wheel & Car Corp.*, 363 U. S. 593, the arbitrator had failed to determine the amount of back pay to which reinstated employees would be entitled and this Court ordered the matter remanded to the arbitrator for resolution of this issue. The Court observed there that it was the arbitrator's determination "which was bargained for." Much the same thing can be said here, although of course the findings and conclusions of the Board of Contract Appeals do not have the same finality on review. See also *International Association of Machinists* v. *Crown Cork & Seal Co.*, 300 F. 2d 127.