MORAN TOWING & TRANSPORTATION CO.

v.

UNITED STATES.

No. 198–174.

United States District Court
S. D. New York.

Oct. 19, 1966.

Burlingham, Underwood, Barron, Wright & White, New York City, for plaintiff, John S. Rogers, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., New York City, for defendant, Peter Martin Klein, New York City, of counsel.

COOPER, District Judge.

Libellants move to vacate a stay issued in 1960 requiring them to exhaust

their administrative remedy before proceeding with their suit in this Court. Motion denied.

Libellants have not demonstrated by "clear evidence" that the adminstrative remedy is "inadequate or unavailable." See, United States v. Joseph A. Holpuch Co., 328 U.S. 234, 240, 66 S.Ct. 1000, 90 L.Ed. 1192 (1946). Although this suit was begun in June, 1959, libellants did not submit their claim documents to the Government Contracting Officer (the first step in the requisite administrative process) until March, 1962. The Contracting Officer's written decision was rendered in February, 1965. Libellants' appeal to the Armed Forces Board of Contract Appeals was heard in March, 1966. The Board currently has that appeal under consideration and has assured the government that a decision will be rendered within the reasonably near future. See, Exhibit #1, p. 3, Affidavit of United States.

The time consumed thus far does not compel us to conclude " * * * that further administrative relief is 'unavailable.' " United States v. Anthony Grace & Sons, Inc., 384 U.S. 424, 430, 86 S.Ct. 1539, 1543, 16 L.Ed.2d 662 (1966). Factors which compel this conclusion are:

(1) There is no evidence that the Board of Contract Appeals has been dilatory. When presented with an opportunity to request speed from the Board, libellants refused to do so. See, Affidavit of United States, p. 3. At present certainly the administrative procedure that was contracted for is functioning and available. We do not regard it advisable to circumvent the administrative remedy at a time when action seems imminent.

(2) Movants advance no reason for failure to act during that period when the administrative process could reasonably have been considered to be dormant. We point to Judge Cashin's order of October 14, 1960 wherein he denied libellants' motion for a stay pending determination of the conflict by administrative remedy; Judge Cashin's order of November 19, 1963 denying movants' application to vacate his stay; and no application for judicial relief between the latter date and the bringing of the instant application.

We venture the belief that the present motion was precipitated by the approaching expiration date by which the note of issue for trial must be filed, for by order dated June 21, 1966 Judge McGohey directed its filing in 120 days—October 19, 1966. In the belief that administrative action is in the offing, libellants' time to file note of issue is extended an additional 90 days.

Libellants' motion is denied, subject to renewal without prejudice if the administrative remedy proves inadequate or unavailable.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.