Per Curiam:
This case comes before the court on defendant’s request for review pursuant to Eule 55(a) (3) of the order of Trial Commissioner Mastin G. White entered herein on September 28, 1966, denying defendant’s motion, filed August 30,1966, to suspend proceedings in this case for the purpose of permitting the plaintiff to obtain an administrative determination of its. claims from the Armed Services Board of Contract Appeals. The case has been submitted to the court on the briefs of the parties and without oral argument. Since the court is in agreement with the order issued by Trial Commissioner White on September 28, 1966, it hereby affirms and adopts the said order, as hereinafter set forth. Defendant’s request Ofor review and its motion to suspend proceedings are, therefore, denied and the case is returned to the trial commissioner for further appropriate proceedings.
Commissioner White’s order is as follows:
On August 30, 1966, the defendant filed a motion asking that the proceedings in this case be suspended “for the purpose of permitting the plaintiff to obtain an administrative determination of its claims from the Armed Services Board of Contract Appeals.” A response opposing the motion was filed by the plaintiff on September 26,1966. It is concluded that the motion should be denied.
This case grew out of the construction during the period 195.8-1960 by the Eobertson Construction Company, a joint *912 venture, of a 500-unit housing project at Fort Hood, Texas, under the Capehart Act. The work was performed by the plaintiff joint venture under a contract which the plaintiff entered into on or about October 30,1958 with the defendant (acting through the District Engineer, Galveston District, Corps of Engineers, U.S. Army, as contracting officer). The contract contained “Changes” and “Disputes” provisions similar to those customarily included in Government contracts.
During the course of the work, a series of controversies arose between the plaintiff and personnel of the defendant over the proper interpretation of various contract specifications, and as to what such specifications required or permitted the plaintiff to do in performing certain aspects of the work. The plaintiff’s views on these matters were overruled by the defendant’s personnel, and the plaintiff thereupon performed the work in accordance with the interpretations of the specifications insisted upon by personnel of the defendant.
Because of these incidents, the plaintiff submitted to the contracting officer 28 claims covering extra expenses which the plaintiff allegedly incurred because of being required to adhere to incorrect (according to the plaintiff) interpretations of specifications by personnel of the defendant. All the claims were rejected by the contracting officer, whereupon the plaintiff appealed to the Armed Services Board of Contract Appeals. On motion of the Government, the Board on September 6, 1961, without making any factual findings, dismissed all the claims on the ground that the statutory mortgage limitation imposed by the Capehart Act had been exhausted and there were no proceeds available for payment of the claims. The Board based its action on the decision of the Comptroller General dated May 3, 1961 (B-145318) in the matter of Anthony P. Miller, Inc., which this court subsequently overruled (172 Ct. Cl. 60, 348 F. 2d 475 (1965)). Therefore, the ground on which the Board dismissed the plaintiff’s claims without considering their merits was erroneous.
*913 The plaintiff’s petition in this court was filed on March 2, 1962. It was based upon 27 of the 28 claims that had been involved in the administrative proceedings (no recovery being sought here on claim 21); and, in addition, the plaintiff asserted an unnumbered claim “for overhead, taxes, insurance, fees, interest, and profits.”
The defendant, in the answer which it filed on June 28, 1962, and in the first amended and supplemental answer which it filed on May 5, 1964, set out several affirmative defenses, along with responses to the factual allegations in the plaintiff’s petition. None of these affirmative defenses raised an objection to the effect that the Court of Claims could not properly proceed to develop the facts in the litigated case, and should await a determination by the Armed Services Board of Contract Appeals on the merits of the plaintiff’s claims.
Very lengthy and extensive pretrial proceedings under former Kule 28 (now Eules 42-46) were conducted pursuant to orders issued by the commissioner. Such proceedings were instituted on July 3,1962; and because of extensions of time requested by the parties and allowed by the commissioner, such proceedings were not concluded until May 15, 1964. The defendant did not at any time object to the pretrial proceedings on the ground that the court proceedings should be suspended pending a determination by the ASBCA on the merits of the plaintiff’s claims.
The trial was held in Los Angeles, California, during the period July 13-31,1964, in Austin, Texas, during the period September 21-30, 1964, and in Los Angeles again on February 1, 1965. Oral testimony was received to the extent of 3,606 transcript pages, and hundreds of documentary exhibits were admitted in evidence. The defendant did not object to the holding of the trial, or to the reception of evidence at the trial, on the ground that the court could not properly proceed with a trial to determine the factual issues, and should await a determination by the ASBCA on the merits of the plaintiff’s claims. Instead, the defendant participated fully in the trial, presenting the testimony of 23 *914 witnesses and introducing several hundred documentary exhibits in evidence.
The final portion of the trial transcript was filed on February 26, 1965, and the proof was formally closed on that date. Pursuant to requests from the parties, the period for the filing of requested findings and briefs extended from February 26, 1965 until June 3, 1966. The preparation of the commissioner’s opinion, findings of fact, and recommended conclusion of law is now in progress, and much of the work has been accomplished.
After all the proceedings previously referred to had taken place, involving substantial trouble and expense to the plaintiff (as well as to the court), the defendant on August 30, 1966 filed the present motion, asking that the proceedings in the case be suspended “for the purpose of permitting the plaintiff to obtain an administrative determination of its claims from the Armed Services Board of Contract Appeals.” The allowance of this motion would permit the defendant retroactively to nullify the extensive pretrial, trial, and post-trial proceedings that have taken place over a 4-year period. Such a result on the basis of a motion filed at this late date would be wholly without justification, in my opinion.
The present motion, in contending that the Court of Claims should not proceed with the litigated case, and should await a determination by the Armed Services Board of Contract Appeals on the merits of the plaintiff’s claims, is attempting to assert an affirmative defense. Cf. Stein Bros. Mfg. Co. v. United States, 162 Ct. Cl. 802, 807, 337 F. 2d 861, 863 (1963). In this connection, former Eule 15(b) (which was in effect when the defendant’s original answer was filed) required, and present Eule 19(b) requires, that “In pleading to a preceding pleading, a party shall set forth affirmatively * * * any * * * matter constituting an avoidance or affirmative defense.” This provision plainly required the defendant, if it wished to interpose a defense based upon the supposed impropriety of action by the court in the litigated case until after the making by the ASBCA of a determination on the merits of the plaintiff’s claims, to assert such an affirmative defense in the answer which the de *915 fendant filed on June 28, 1962, or, at the latest, in the first amended and supplemental answer which the defendant filed on May 5,1964. To permit the defendant to interpose such an affirmative defense by motion on August 30,1966, after all that has transpired in this case, would certainly make the quoted portion of former Rule 15 (b) and present Rule 19 (b) a dead letter and would seriously affect the integrity of all the procedural rules promulgated by the court. For this reason, the pending motion should be denied.
In any event, when the defendant failed to object at the trial to the reception of evidence on the ground that the administrative process had not been completed through the making by the ASBCA of a determination on the merits of the plaintiff’s claims, and instead fully participated in the trial by presenting 23 witnesses and introducing several hundred documentary exhibits, the defendant thereby waived any right that it might have had to object to further proceedings on this particular ground. Stein Bros. Mfg. Co. v. United States, supra, 162 Ct. Cl. at pages 806-808; WPC Enterprises, Inc. v. United States, 163 Ct. Cl. 1, 8, 323 F. 2d 874, 878 (1963); Potter v. United States, 167 Ct. Cl. 28, 38 (1964), cert. den. 382 U.S. 817 (1965); Kings Electronics Co., Inc. v. United States, 169 Ct. Cl. 433, 446, 341 F. 2d 632, 640 (1965); J. D. Hedin Construction Co. v. United States, 171 Ct. Cl. 70, 85, 347 F. 2d 235, 246 (1965).
The rule that the right to object to a judicial trial in the first instance respecting disputed questions of fact that are within the purview of the “Disputes” provision of a Government contract can be waived was fully discussed in the Stein case, 162 Ct. Cl. at pages 807-808, as follows:
On principle, there is no more reason to consider the limitations of the Wunderlich Act to be non-waivable than in the case of other rules of procedure, practice, evidence — or even rules of substantive law — which are normally inapplicable if not properly invoked by the party benefitting from them. The important defense of failure to exhaust an administrative remedy, for example, must be raised if reliance is to be placed on it. There are many similar rules in this and other courts. The rule precluding de novo evidence under the Wun-derlich Act seems to us to stand on the same footing.
*916 It is not of such importance or character that it must be held to limit the court’s basic power as a court. The statute of limitations is not analogous. For this court the bar of limitations is jurisdictional because Congress has thus limited its consent to sue the United States (Soriano v. United States, 352 U.S. 270, 273-74 (1957)). But the Wunderlich Act is not a condition imposed upon suit against the sovereign; it is legislation governing suits by as well as against the United States and therefore more akin to a non-jurisdictional rule of procedural or substantive law which can usually be adduced or abandoned as the litigant sees fit. [Footnote omitted.]
The defendant says in its pending motion that the Supreme Court’s decision in the case of United States v. Anthony Grace & Sons, Inc., 384 U.S. 424 (1966), “controls and compels this result” which the defendant seeks to achieve through the filing of the motion, i.e., the suspension of further proceedings in the present case and the return of the case to the Armed Services Board of Contract Appeals for an administrative determination on the merits of the plaintiff’s claims. In the Grace case, the claimant had submitted a bid on a proposed contract for the construction of military housing for the Air Force under the Capehart Act, had made a bid deposit, and had received a letter of acceptability. The letter of acceptability reminded the claimant that failure to close the contract within a specified number of days would constitute justification for the Air Force to cancel the bid and letter of acceptability, and to retain the deposit for liquidated damages. A “disputes” clause in the letter of acceptability made such a decision by the Air Force final unless the claimant appealed to the Armed Services Board of Contract Appeals within 30 days from the receipt of the decision. A disagreement subsequently arose between the claimant and the Air Force, and the claimant notified the Air Force that it would be unable to complete the closing while the dispute was pending. Thereafter, the contracting officer informed the claimant that its bid and the letter of acceptability were being cancelled, and that its deposit was being retained. The claimant thereupon appealed *917 to the Armed Services Board of Contract Appeals, but the Board dismissed the appeal as untimely, without considering the merits of the claim. The claimant then instituted an action in the Court of Claims to recover its deposit and for the damages resulting from the Government’s allegedly wrongful cancellation.
This court held in the Grace case (170 Ct. Cl. 688, 345 F. 2d 808 (1965)) that the claimant had taken a timely appeal to the Armed Services Board of Contract Appeals from the Air Force’s action, and that the Board improperly refused to consider the appeal on its merits. The court then considered whether it should suspend further action and direct the claimant to return the case to the Board, or whether a trial should be held in this court. The court held that the latter course was the proper one to pursue. The Supreme Court, however, reversed that portion of this court’s decision which directed that a judicial trial be held in the first instance for the purpose of determining the facts.
The situation in the present case is readily distinguishable from the one involved in the Grace case. In the Grace case, no trial had been held, or even scheduled, when this court and the Supreme Court considered the question of whether the Armed Services Board of Contract Appeals or this court should determine the facts bearing on the merits of the claim involved in that case. Here, as previously indicated, a very lengthy trial had been held, and extensive post-trial proceedings had been conducted, before the defendant attempted to raise the objection that the court proceedings should not go forward, and that such proceedings should be suspended to await a determination by the Armed Services Board of Contract Appeals on the merits of the plaintiff’s claims. In this case, the defendant waited too long to raise the objection.
The unfavorable comment by the Supreme Court in the Grace case (384 U.S., pages 430-431, footnote 6) on “such cases as Stein Bros. Mfg. Co. * * * and WPC Enterprises, Inc. * * *” did not relate to the question of the waiver of an objection based on a non-jurisdictional ground — the ques *918 tion that is involved here. On that question, an authoritative pronouncement by the Supreme Court is found in the case of United States v. L. A. Tucker Truck Lines, 344 U.S. 33 (1952). There, a motor carrier had applied to the Interstate Commerce Commission for a certificate of public convenience and necessity to extend an existing route. The appellee (along with others) intervened in opposition to the application. The matter was referred to a hearing examiner, who, after a hearing, recommended that the certificate be granted. The ICC approved the recommendation and issued the certificate. Thereupon, the appellee petitioned a United States District Court to set the certificate aside. A three-judge court was convened. On the day appointed for a hearing before the court, the appellee moved to amend its petition so as to include for the first time the contention that the hearing examiner had not been appointed pursuant to Section 11 of the Administrative Procedure Act (5 U.S.C. § 1010). The District Court allowed the amendment and, upon receiving proof in support of the appellee’s contention, invalidated the order and certificate previously issued by the ICC. However, an appeal was taken to the Supreme Court, and the Court reversed the District Court, holding that the appellee’s objection was made too late. The Court said (at page 38):
* * * [W]e hold that the defect in the examiner’s appointment was an irregularity which would invalidate a resulting order if the Commission had overruled an appropriate objection made during the hearings. But it is not one which deprives the Commission of power or jurisdiction, so that even in the absence of timely objection its order should be set aside as a nullity.
In this case, the defendant (like the appellee in the Tucker case, discussed in the preceding paragraph) made its objection too late.
Therefore, It Is Ordered that the defendant’s motion to suspend the proceedings shall be, and it is hereby, denied.