An interlocutory order will be entered accordingly.

---

**UNITED STATES of America**

v.

**Lee Roy MORRISON, Individually and d/b/a Morrison's Transfer Co., Inc.**

**Civ. No. 91–72–NN.**

United States District Court, E. D. Virginia, Newport News Division.

Feb. 11, 1974.

J. Brian Donnelly, Asst. U. S. Atty., Norfolk, Va., for plaintiff.

Robert R. Hatten of Patten & Wornom, Newport News, Va., for defendant.

## MEMORANDUM OPINION

WALTER E. HOFFMAN, District Judge.

Defendant entered into a contract with the Government for the storage of household goods of military personnel. *Inter alia* the contract had provisions limiting the contractor's liability to damage or loss of goods as the result of the contractor's fault or negligence; limiting the amount of recovery in the event of fault or negligence to $50.00 per article or package listed on the warehouse receipt unless a higher value was declared and additional payment made; and incorporating the standard government "disputes clause" into the contract.[1]

1. "17. DISPUTES

(a) Except as otherwise provided in this contract, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting Officer, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to the Contractor. The decision of the Contracting Officer shall be final and conclusive unless, within 30 days from the date of receipt of such copy, the Contractor mails or otherwise furnishes to the Contracting Officer a written appeal addressed to the Secretary. The decision of the Secretary or his duly authorized representative for the determination of

On December 19, 1968, defendant's warehouse burned down destroying nine lots of household goods valued at $14,537.50 stored under an extension of this contract.

On March 11, 1969, the Contracting Officer sent a copy of his findings of fact to defendant regarding the goods destroyed in the fire. Defendant contended that he did not receive this letter or any of nine other demand letters mailed to him. After hearing testimony on this issue, the Court has determined that defendant did receive the Contracting Officer's findings of fact and did not appeal from them within thirty days of receipt as required.

In addition, other findings of fact concerning damage not the result of the fire to the goods of eight military personnel aggregating $1153.23 were sent to defendant in 1969 and 1970. We have concluded that defendant also received these letters and did not appeal the findings within the thirty-day period.[2]

The Contracting Officer's findings of fact are little more than a recitation that the goods were stored under the contract, their value was $14,537.50, they were destroyed in the fire, and their loss was the result of the contractor's fault or negligence. No facts are recited in support of the conclusion as to fault or negligence, and despite some reference to the $50.00 per article or package limitation of liability, there is no suggestion that a higher value was declared and additional fees paid, or as to the total number of packages involved.

The findings of fact in regard to the eight individual claims for other than fire-caused damage are made on a form. The final line of the form states "analysis of the claim has resulted in the determination that the loss and damage sustained were not beyond the control of the contractor." No facts are given in support of this conclusion, and there is no finding of fault or negligence. The contract makes the contractor liable for loss or damage only if the goods are damaged or lost within the control of the contractor *and* with fault or negligence on the part of the contractor.

Were this case presented in the form of a judicial review of the final determination of an administrative agency, we would have no hesitancy in rejecting the administrative findings under the "substantial evidence" requirement of 41 U. S.C. § 321. But the defendant has failed to exhaust his administrative remedy by appealing the Contracting Officer's finding to the Administrative Appeals Board, and without such appeal the findings of fact by the Contracting Officer are final and conclusive absent fraud.

The decisions of the Administrative Agency or Contracting Officer, if conclusions of law rather than fact, are not, however, conclusive both by the terms of the contract and by statute, 41 U.S.C. § 322.

such appeals shall be final and conclusive unless determined by a court of competent jurisdiction to have been fraudulent, or capricious, or arbitrary, or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence. In connection with any appeal proceeding under this clause, the Contractor shall be afforded an opportunity to be heard and to offer evidence in support of its appeal. Pending final decision of a dispute hereunder, the Contractor shall proceed diligently with the performance of the contract and in accordance with the Contracting Officer's decision.

(b) This 'Disputes' clause does not preclude consideration of law questions in con-

nection with decisions provided for in paragraph (a) above: Provided, That nothing in this contract shall be construed as making final the decision of any administrative official, representative, or board on a question of law."

2. One of these eight claims, that 'for property belonging to Lt. Col. Jenkins, totaling $147.97, is barred by the statute of limitations. 28 U.S.C.A. § 2415(a), (g). Defendant contends that a second claim, that of Major Willemse, is similarly barred but defendant has failed to meet his burden of showing that the Government's right of action accrued before August 15, 1966.

The distinction between a question of fact and a question of law is an artificial one, much litigated, and not precisely defined.

In United States v. Adams, 160 F. Supp. 143 (W.D.Ark.1958), the contractor had defaulted by failure to deliver. The non-delivery was caused by the contractor's insolvency which the contracting officer concluded to be the result of the contractor's fault or negligence without making a finding of any factual basis for the conclusion. The contractor did not administratively appeal the contracting officer's finding.

The district court concluded that the determination of fault or negligence was a determination of law and that the failure to appeal did not foreclose judicial determination of a question of law.[3] After consideration of the facts the district court reversed the contracting officer's decision.

In Meinberg v. United States, 310 F. Supp. 86 (W.D.Mo.1969), a similar conclusion was reached as to determination of negligence or fault being a legal question. A contrary result was reached in Whitlock Corp. v. United States, 159 F. Supp. 602, 142 Ct.Cl. 758 (1958).

The Wunderlich Acts, limiting the conclusiveness of administrative determinations of contract disputes, were passed in response to the Supreme Court's holdings in United States v. Moormann, 338 U.S. 457, 70 S.Ct. 288, 94 L.Ed. 256 (1950), and United States v. Wunderlich, 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113 (1951), limiting judicial review of administrative contract decisions. The Second Circuit has stated in United States v. Lennox Metal Manufacturing Co., 225 F.2d 302, 318–319 (2 Cir. 1955):

"The Senate Report discloses that the Congressional purpose was to wipe out the ruling in United States v. Wunderlich, 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113, and to restore the views expressed in Ripley v. United States 223 U.S. 695, 701–702, 32 S.Ct. 352, 56 L. Ed. 614, i.e., that where the power of the government under a contract is complete and its agent's decision conclusive, then the government owes a corresponding duty to have its agent's judgment exercised reasonably, and not capriciously or in bad faith. In effect, Congress adopted the views of Justices Douglas and Jackson in their dissenting opinions in Wunderlich, 342 U.S. at pages 101–103, 72 S.Ct. 156–157.

"True, the new statute, literally read, applies only to the 'disputes' clause of a contract like that before us here. Congress, however, stated a general policy forbidding a government official to act capriciously in the exercise of a power of decision under such a contract. Such a policy should not be interpreted in a niggardly manner."

■ The contract term itself provides: ". . . nothing in this contract shall be construed as making final the decision of any administrative official, representative, or board on a question of law." It is a general rule of contract law that ambiguous contract terms should be interpreted against the drafter which, in this case, was the United States.

■ All of these factors suggest that the determination of negligence or fault should be held a determination of law and not of fact. Common sense suggests the same. Negligence and fault are themselves legal words of art. Though we may leave the ultimate conclusion of negligence in a tort case to the jury as the trier of fact, it is only after carefully defining and limiting the term to its legal usage that we do so.

Here there appears to be no such careful defining, nor the careful building of the facts required to determine the legal

3. On lack of necessity to administratively appeal a question of law see Allied Contractors v. United States, 124 F.Supp. 366, 370, 129 Ct.Cl. 400 (1954), and cases cited therein.

conclusion of negligence. There is only the bald final legal conclusion that the fire was the result of the fault or negligence of the contractor.

To hold that a question of negligence or fault is a legal question, subject to judicial review, does not negate the purpose or usefulness of administrative findings, nor does it threaten the courts with an excess of new litigation.[4] It is apparent that if all the facts determining negligence have been found by the Contracting Officer or the appeals board and placed in the written record, there is little purpose to be served in litigation save where there are uncertain points of law.

■ Though it may be the practice for the Contracting Officer to make no more than a *pro forma* conclusion of liability in favor of the Government by signing a printed form, on the assumption that the administrative appeals procedure, if invoked, will result in a thorough examination of the underlying facts as well as the conclusions, it is not a practice that can be approved. The contract does not envisage the Contracting Officer as the maker of the most vague of notice pleadings, but as an adjudicator of fact. As such the Contracting Officer owes a duty to both parties to the contract to make findings on disputed questions of fact in an honest, faithful, impartial manner after adequate investigation. It is in the Government's interests, as well as that of the contractor, that the written decision set out all the disputed facts decided by the Contracting Officer and not just his ultimate legal conclusion.

■■ In determining the legal question of fault or negligence and liability under the contract, this Court would normally be limited to the administrative record below. United States v. Carlo Bianchi & Co., 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963); United States v. Anthony Grace & Sons, Inc., 384 U.S. 424, 86 S.Ct. 1539, 16 L.Ed.2d 662 (1966). In this case that record is exceedingly limited. It consists of the Contracting Officer's decisions, the contract with its extensions and amendments and a limited correspondence between the Government and defendant. Notably absent are the warehouse receipts and any evidence concerning an investigation of the cause of the fire. Defendant, by motion, requested the production of "warehouse receipts, inventory forms or other documents relied upon by the plaintiff to establish that warehouse goods of military personnel were in the warehouse which was alleged to have been destroyed by fire . . ." The Government was unable to produce these documents, which leaves open the question of whether they were available to the Contracting Officer at the time of his decision and have since been lost while in Government custody, or whether they were never available. It is the Government's duty to produce those portions of the administrative record on which it relies. H. R. Henderson Co. v. United States, 169 Ct.Cl. 228 (1965).

Both counsel have entered into a stipulation that the warehouse was inspected by the Government and the local fire department shortly before the fire, and was found to be maintained in a fire-safe manner without any evidence of fire hazard, and that after the fire a complete and thorough investigation by the local fire department and state fire marshal revealed that the fire prevention and alarm systems functioned properly, that all fire department regulations had been complied with, and that the fire was of unknown origin.

■ This Court may take notice of such evidence from outside the administrative record where there is no objection by the parties. Bennett v. United States, 371 F.2d 859, 178 Ct.Cl. 61 (1967).

---

4. Certainly United States v. Adams, *supra,* has not caused any large increase in litigation.

■ Accepting as final and conclusive the findings of the Contracting Officer and with due regard to the stipulation entered into by the parties, this Court may consider *de novo* the legal question of the contractor's negligence or fault. Woodcrest Const. Co. v. United States, 408 F.2d 406, 411, 187 Ct.Cl. 249 (1969).

■ The eight claims for damage other than that caused by the fire, one of which is barred by 28 U.S.C. § 2415, have no bases for a finding that the contractor was negligent. The Contracting Officer did not himself reach the legal conclusion that the contractor was negligent or at fault as is required by the contract for liability to attach.[5] Accordingly these eight claims will be dismissed.

■ The claim for fire-caused damage also presents no basis for a legal conclusion of negligence or fault on the part of the contractor. Indeed the stipulation entered into by counsel encourages the inference that the contractor was not negligent or at fault. Accordingly this claim will be dismissed.

The Court suggested that the case could possibly be remanded for further findings or to permit a belated appeal by the defendant-contractor to the Administrative Appeal Board. Counsel for plaintiff advised that such action is now impossible and, in fact, the Contracting Officer is deceased. While we would far prefer an orderly administrative review, it appears that there is no alternative available. After counsel for plaintiff agreed that no proof could be presented as to the cause of the fire, other than the stipulation entered into, we must find for defendant.

A judgment order will be entered upon presentation.

---

5. The Contracting Officer found only that the goods were under the control of the contractor. Though a bailee may in some cases be liable for damage to goods in his care without negligence, the contract specifically predicates liability on fault or negligence.