431 A.2d 333

**COMMONWEALTH of Pennsylvania**

v.

**Deborah A. MICHAEL, Appellant.**

Superior Court of Pennsylvania.

Argued March 18, 1980.

Filed June 19, 1981.

Charles J. Weiss, Ambler, for appellant.

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal by the defendant-appellant, Deborah Michael, from the conviction by the Court of Common Pleas of Montgomery County after a de novo hearing resulted in a judgment of sentence of $25 and costs. The de novo hearing was occasioned by her appeal from a conviction by a District Magistrate of a violation of the Motor Vehicle Code, Paragraph 3745 (accidents involving damage to unattended vehicles or property). The sentence at the Magistrate's level was the same as at the Common Pleas level.

The facts are as follows: On November 11, 1978, a William Shakely was walking in the parking lot of an apartment complex and saw a red Chevrolet car strike a parked green Ford Van. He heard the noise of the impact. The car drove off. The damage to the van was $259.57. Shakely took the license number and informed the police. It was determined that the car was owned by the parents of Deborah A. Michael, the defendant driver. The officer called the owners and was advised that the daughter was using the car. The officer informed them of the minor accident and asked that Deborah get in touch with them. She called and admitted she was driving the car in the area but claimed she didn't know she had struck a car. She was advised that a citation would be issued but was not advised of her "rights".

The defendant contends that there was "insufficient . . . juvenile waiver of her Fifth and Sixth Amendment rights and of her *Miranda* rights" and so her statements should have been suppressed. This is the sole issue in this case.

We need not reach the contention of the Commonwealth that "*Miranda*" does not apply to summary offenses because even if "*Miranda*" applies to summary cases generally, the defendant under the circumstances of this case was not entitled to the warnings. *Miranda v. Arizona*, 384 U.S. 432, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) held that a person must be informed of his Fifth Amendment rights before any "custodial interrogation" takes place. "Custodial interrogation" was interpreted by the Supreme Court of Pennsylvania in *Commonwealth v. McLaughlin*, 475 Pa. 97, 379 A.2d 1056 (1977) to occur when a person is questioned either while he is in custody or while the object of an investigation of which he is the focus. The case cited *Beckwith v. U. S.*, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976) where the United States Supreme Court held: "*Miranda* implicitly defined 'focus', for its purposes, as 'questioning initiated by law enforcement officers *after* a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'" It is clear also that the mere fact that the police investigation has focused on a particular person will not require *Miranda* warnings before the police interview that person. *Commonwealth v. Anderson*, 253 Pa.Super. 334, 345, 385 A.2d 365, 370 (1978).

The importance of the "custody" aspect of the *Miranda* holding is set forth in *Beckwith*, supra, as follows:

"In subsequent decisions, the Court specifically stressed that it was the *custodial* nature of the interrogation which triggered the necessity for adherence to the specific requirements of its *Miranda* holding. [citing *Orozco v. Texas*, 394 U.S. 324 [89 S.Ct. 1095, 22 L.Ed.2d 311] (1969), *Mathis v. U.S.*, 391 U.S. 1 [88 S.Ct. 1503, 20 L.Ed.2d 381] (1968)].

". . . *Miranda* was grounded squarely in the Court's explicit and detailed assessment of the peculiar 'nature and setting of . . . in-custody interrogation.'"

In *Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) the defendant was informed that he was a suspect in a burglary case without being given warnings. He confessed a short time later. The Supreme Court held:

"Any interview of one suspected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that a police officer is part of a law enforcement system which may ultimately cause the suspect to be charged with a crime. But police officers are not required to administer *Miranda* warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect. *Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody'. It was *that* sort of coercive environment to which *Miranda* by its terms was made applicable, and to which it is limited."

In *Commonwealth v. Peters*, 473 Pa. 72, 373 A.2d 1055 (1977), the test for determining whether or not an interrogation is "custodial" was set forth as follows:

"... the test ... 'does not depend on the subjective intent of the law enforcement officer-interrogator, but upon whether the suspect is physically deprived of his freedom of action in any significant way or is placed in a situation in which he reasonably believes that his freedom of action or movement is restricted by such interrogation."

The interrogation here was conducted over the telephone and was certainly not "custodial". The appellant was in her own home with her parents who had been informed of the nature of the inquiry. Her call was entirely voluntary and under these circumstances *Miranda* does not apply.

As to the defendant's claim that because she is a juvenile, there was no waiver of the amendment privileges, we see no difference between an adult and a minor not in custody where a non-custodial interrogation takes place.

The parents of the defendant had already discussed the problem with the officer before her telephone call. It is

evident that she had the opportunity to discuss the problem with her parents and her call and discussion with the officer was certainly not custodial in nature. There was no intimidation as would follow a uniformed policeman confronting her. She was in her own home with her parents and after being advised by her parents voluntarily called the officer.

Judgment of sentence affirmed.