NO. 07-06-0138-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 7, 2008
_____

LORI SUE HOLCOMB, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 33RD DISTRICT COURT OF BURNET COUNTY;

NO. 31515; HONORABLE D. MILLS, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Lori Sue Holcomb, was convicted of the offense of burglary of a building and sentenced to two years confinement in a State Jail Facility, probated for five years. By one issue, appellant claims that the trial court erred in admitting testimony of an officer regarding an interview of appellant that was conducted at appellant's place of employment. We affirm.

## Factual Background

The facts are not in issue, therefore, only a brief recitation of the operative facts is required. A City of Bertram police officer, Jeff White, was on routine foot patrol when he saw a man, identified as Patrick Hodges, standing next to a truck parked at the entrance to an alley. Upon talking to Hodges, White was told that Hodges was parked there while appellant went down the alley to use the restroom. Shortly thereafter, appellant appeared from some bushes near a vacant house. This was the same vacant house that appellant was ultimately charged with burglarizing. White questioned appellant and she was released. White discovered the owner of the vacant house, interviewed her, and discovered that certain items had been taken from the house. Upon returning to the vacant house, White found a number of items stacked on the front porch, including a purse that contained no identification. Some days later, White went to appellant's place of employment to interview her about the burglary at the vacant house. Upon beginning the interview, appellant began crying and made statements about the items left on the porch, including the purse which she claimed belonged to her. White testified, at a pretrial hearing, that during his interview with appellant he felt he had enough information to formulate probable cause to arrest her. However, White further testified that he did not attempt an arrest or inform appellant that he felt he had probable cause to arrest. At the conclusion of this pretrial hearing on the admissibility of appellant's oral statements, the trial court ruled that they were admissible. Appellant was convicted of the charge of burglary of a building and this appeal resulted.

Appellant's Oral Statements

Appellant's sole contention is that, once officer White formulated in his mind that he had probable cause to arrest appellant for the burglary of the vacant house, appellant was in custody unless the officer had advised appellant that she was free to leave.  According to appellant, White rendered the oral statements inadmissible because, even though appellant was in custody, she was not given her Miranda[1] rights prior to making the incriminating oral statement.

We will review the decision of the trial court to overrule the motion to suppress *de novo,* as there is no controversy regarding the factual background nor is the decision based on the credibility of the witness.  Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999).  Appellant's contention is grounded upon her view that the opinion in Dowthitt v. State stands for the proposition that once an officer develops, in his own mind, probable cause to arrest a suspect, the suspect is in custody for Miranda purposes unless the officer advises the suspect that they are free to leave.  See Dowthitt v. State, 931 S.W.2d 244, 254 (Tex.Crim.App. 1996).  However, appellant misconstrues the Dowthitt holding.  In Dowthitt, the Texas Court of Criminal Appeals stated that the custody determination is based entirely upon objective circumstances. Id. (citing Stansbury v. California, 511 U.S. 318, 324, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994)).  A person is in custody only if it is established that the manifestation of probable cause, combined with other circumstances,

---

[1]Miranda v. Arizona, 384 U.S. 430, 460, 86 S.Ct. 1602, 128 L.Ed.2d 694 (1966).

would lead a reasonable person to believe that he is under restraint to the degree associated with arrest. Id.

Given the facts in the record, it is clear that on the day of the interview at appellant's place of employment, it was never communicated to appellant that she was under arrest or otherwise restrained of her freedom. Accordingly, the oral statements made by appellant on that day were not the result of custodial interrogation and the trial court did not err in admitting them before the jury. Id.

Additionally, we note that appellant gave a written confession that was introduced during the trial. Appellant has not attacked the introduction of the written confession before the jury. Accordingly, that evidence is before the court for all purposes. A review of the written statement reveals that it covers much of the same material and makes further admissions. Therefore, even were we to find that the oral statements were admitted in error, the written statement would render this error harmless beyond a reasonable doubt. TEX. R. APP. P. 44.2(a).

## Conclusion

Having overruled appellant's sole contention, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.

4