**Douglas M. BATCHELOR and Mary M. Batchelor et al.**

v.

**LEGG & CO.**

**Dr. Harry B. AUERBACH et al.**

v.

**LEGG & CO.**

Civ. Nos. 19709, 20512.

United States District Court,
D. Maryland.

July 28, 1972.

---

J. Cookman Boyd, Jr., Walter S. Levin and Sauerwein, Boyd & Decker, Baltimore, Md., for plaintiffs.

John Henry Lewin and Venable, Baetjer & Howard, Baltimore, Md., for defendant.

HARVEY, District Judge:

For the third time in this litigation, defendant Legg & Co. seeks summary judgment under Rule 56, F.R.Civ.P.[1] In denying defendant's first motion, this Court noted that as alternative relief defendant had asked for partial summary judgment as to certain plaintiffs and also for relief under Rule 56(d).[2] Batchelor v. Legg & Co., 52 F.R.D. 545, 552 (D.Md.1971). In that opinion, this

---

1. These two consolidated civil actions have been filed by former customers of defendant under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder.

2. In moving alternatively under Rule 56 (d), defendant had requested the Court to enter an order specifying the facts that appeared to be without substantial controversy.

Court reserved ruling on these questions, permitting defendant if it wished to take further depositions and thereafter file more specific pleadings directed to these alternative questions. 52 F.R.D. at 552.

Defendant thereupon filed a supplemental motion for partial summary judgment, together with various exhibits, a deposition and a stipulation. Following another hearing, such motion was granted in part and denied in part. Batchelor v. Legg & Co., 52 F.R.D. 553 (D.Md.1971). An Order was thereafter entered on August 26, 1971 dismissing certain claims and dismissing certain allegations of the complaints. Such Order provided, *inter alia,* that these cases should proceed to trial on the allegations of the complaints, as modified, that defendant negligently misrepresented to the plaintiffs that Hamilton Life Insurance Company was being operated on a sound basis by dynamic and reliable persons and that high quality insurance was being written.

At the time of the second summary judgment hearing, the only plaintiff whose deposition had been taken by defendant was the plaintiff Davidson. He had specifically been questioned about representations made to him by Legg personnel. In dismissing the claims of Davidson, this Court found that no Legg employee had made to that plaintiff the representations alleged in the modified complaints. 52 F.R.D. at 560–561.

Defendant thereupon sought leave to take the depositions of each of the remaining plaintiffs.[3] Inasmuch as it was not until this Court's Order of August 26, 1971 that the issues in this case had been finally narrowed and limited, such request was granted.

Defendant has now taken the separate depositions[5] of 14 plaintiffs or plaintiff-representatives and has filed separate motions for summary judgment as to the remaining claims of each plaintiff except plaintiff Batchelor.[4] Inquiry has been made of each deponent whether an employee of Legg had represented that Hamilton Life Insurance Company was being operated on a sound basis by dynamic and reliable persons and that high quality insurance was being written. Other questions were directed towards the date that each such deponent knew or should have known that the securities law had been violated. Relying on the depositions taken, defendant contends that this Court should enter summary judgment against each such plaintiff (1) because the representations alleged were not negligent or were not made to that plaintiff by an employee of Legg; (2) because the representations made were not statements of material fact relied upon by each such plaintiff in purchasing Hamilton stock; and (3) because the claims of each such plaintiff are barred by the applicable two year statute of limitations. These questions have been fully briefed by the parties, and oral argument has been heard in open court.

The nature of the claims remaining in this litigation requires that the facts relating to each separate plaintiff must necessarily be examined separately. Different plaintiffs dealt with different representatives of Legg at different times during the relevant periods here involved.[5] Sales of Hamilton Life Insur-

---

3. In the two cases, there were originally 17 plaintiffs or plaintiff-entities. Some of the claims were asserted by a husband and wife jointly. Two of the plaintiffs are corporations.

4. Plaintiff Douglas A. Batchelor is now deceased, and since his deposition could not be taken, no motion for summary judgment has been filed as to his claims. Plaintiff Levin made purchases both for himself and for plaintiff Pikesville Medical Center, Inc., of which he is Executive Vice President. Therefore, although there are now 16 plaintiffs or plaintiff-entities remaining in this case, there are only 14 motions for summary judgment pending before the Court.

5. The fourteen deponents spoke to some nine different sales representatives of defendant.

ance stock to the plaintiffs were made at various times between 1963 and 1968. However, each plaintiff has alleged that defendant negligently misrepresented to him that Hamilton Life Insurance Company was being operated on a sound basis by dynamic and reliable persons and that high quality insurance was being written. To succeed on these motions, defendant must convince the Court that as to each remaining plaintiff there is no dispute of fact involved (1) that no such statement was negligently made to such plaintiff or (2) that no such statement of material fact was relied upon by each such plaintiff or (3) that each such plaintiff should have discovered the violation more than two years before suit was filed. After considering the massive record in this case,[6] this Court concludes that except for the motion for summary judgment that relates to the claim of plaintiff Levinstein, each and every motion should be denied. At oral argument, plaintiffs' counsel conceded that he could not, in view of the deposition of Levinstein taken on July 30, 1971, oppose the entry of summary judgment against this plaintiff.[7]

I

In its briefs and oral argument, defendant has undertaken to compare the pertinent allegations of the modified complaints with the deposition testimony of each plaintiff, arguing that the negligent misrepresentations alleged were not made by Legg personnel. Quite clearly, the exact words contained in the modified complaints were not used by each of the various Legg representatives. But it is equally clear from a reading of the depositions that some representative of Legg in substance said to each deponent on a pertinent date before a sale was consummated either that Hamilton Life Insurance Company was being operated on a sound basis by dynamic and reliable persons or that high quality insurance was being written.

■ That each sales representative did not use the precise language set forth in the complaints is certainly not surprising. Indeed, the testimony of the different plaintiffs might well be suspect were they each to state that a different sales representative at different times used precisely the language included in the complaints. Some plaintiffs testified that they were told that Mr. Goldberg[8] was a "good manager," or "very sound" or that Hamilton was a "well-managed company [with] strong management." Others testified that they were told that the Company was selling "good quality insurance" or was "writing good insurance" or was "doing high quality business." After reviewing each of the depositions in question, this Court concludes that insofar as these motions for summary judgment are concerned, representations substantially equivalent to the allegations of the modified complaint were made to each deponent. This Court has previously held that such allegations state a cause of action for negligent misrepresentation of a material fact under § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. In various affidavits filed with the Court, various representatives of Legg deny that they made the statements in question and further claim that what they said to these customers was not negligent in view of the facts they then knew about Hamilton Life Insurance Company. Quite clearly issues of fact exist.

---

6. Over 1400 pages of depositions have been filed. Defendant has filed separate briefs totalling over 300 pages in support of each of its fourteen separate motions.

7. *Inter alia*, Levinstein admitted that by August 17, 1966, he had been led to the gradual belief that Legg had made active misrepresentations. He sold all of his Hamilton stock on that date but did not file suit until February 27, 1969.

8. Mr. Phillip J. Goldberg, the chief executive officer and admittedly the dominant figure in Hamilton Life Insurance Company.

Whether or not the statements were in fact made by Legg representatives and whether they were negligent under all the circumstances will have to be finally determined at trial.

Defendant's arguments might be entitled to more consideration by the Court were the case being actually tried on the present record. But this Court is now considering these questions under motions for summary judgment. Summary judgment should not be granted unless the entire record shows a right to judgment so as to leave no room for controversy and establish affirmatively that the adverse party cannot prevail under any circumstances. Phoenix Savings and Loan, Inc. v. Aetna Casualty and Surety Company, 381 F.2d 245, 249 (4th Cir. 1967). Nor is summary judgment appropriate where inquiry into the facts is desirable to clarify the application of the law. Kirkpatrick v. Consolidated Underwriters, 227 F.2d 228 (4th Cir. 1955). Even though there may be no controversy over the basic facts, summary judgment should not be granted if the parties disagree as to the inferences which may properly be drawn. American Fid. & Cas. Co. v. London & Edinburgh Ins. Co., 354 F.2d 214, 216 (4th Cir. 1965).

Defendant also argues that the remaining claims should be dismissed for the same reasons that this Court entered summary judgment against plaintiff Davidson. See 52 F.R.D. 560–561. But Davidson's claims were dismissed because he had not complied with Rule 56(e) requiring a party opposing a motion for summary judgment to set forth *specific facts* showing that there is a genuine issue for trial. In a brief affidavit filed with the Court, Davidson had done no more than restate in conclusory terms the allegations of the complaint. However, when his deposition had been taken earlier by counsel for the defendant, Davidson had testified at length concerning his conversations with Legg personnel and had not mentioned that the alleged misrepresentations had ever been made to him. Insofar as the remaining plaintiffs are concerned, the picture is quite different. Each of them has supplied specific facts at his deposition concerning statements made by Legg representatives. Therefore, the requirements of Rule 56(e) have quite clearly been satisfied by these plaintiffs.

In denying the motions for summary judgment as to the claims of the remaining plaintiffs, this Court is not intimating any opinion concerning the ultimate determination of the factual issues that remain. The holding here is that on the present record the remaining plaintiffs, except for the plaintiff Levinstein, are entitled to go to trial on the allegations of the complaints as modified by previous rulings of this Court.

## II

It is further contended by defendant that plaintiffs' depositions show that the misrepresentations relied upon were not material, that non-actionable statements of opinion rather than fact were made and that plaintiffs did not rely on the statements in making the purchases. But defendant's arguments overlook the requirement under Rule 56 that any doubt as to the existence of a genuine issue of fact is to be resolved against the moving party. As the Fourth Circuit said in Johns Hopkins University v. Hutton, 422 F.2d 1124, 1131 (4th Cir. 1970), a recent decision in which entry of summary judgment by this Court as to one of the issues in that securities case was reversed:

"On summary judgment we must view the inferences pertaining to Hopkins' diligence in the light most favorable to Hutton, the party opposing the motion. Since inferences contrary to those drawn by the district judge might be permissible, a genuine issue of fact was raised that should have been submitted to a jury. United States v. Diebold, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)."

■■ In a case such as this one, the basic test of materiality is whether a reasonable man would attach importance to the misrepresentation in determining his choice of action in the transaction in question. List v. Fashion Park, Inc., 340 F.2d 457, 462 (2d Cir. 1965). Whether it was reasonable for these plaintiffs to attach importance to the statements made to them by defendant's sales representatives cannot be finally determined on these motions for summary judgment. Inferences resulting from the testimony of each remaining plaintiff raise genuine questions of fact so as to require the trial of this issue.

Relying on Myzel v. Fields, 386 F.2d 718 (8th Cir. 1967), defendant argues that the statements made by its representatives to the plaintiffs were no more than expressions of opinion and that unless such "opinions" were completely unfounded and reckless or deliberately intended to be misleading, they cannot furnish a basis for recovery. See 386 F.2d at 733–734. But whether a statement made by one of defendant's sales representatives was one of fact or of opinion is not readily susceptible of determination on the record relied upon here by defendant in support of their motions for summary judgment. When made under certain circumstances, a particular statement of a stock broker to a customer may be intended as and clearly understood as no more than an opinion. Under other circumstances, the same representation may be the broker's statement of a particular fact which he or his firm has investigated and accepted as true. Defendant asserts that the statements that were made by its representatives to plaintiffs were no more than general observations to the effect

that Hamilton stock was a promising speculation. Whether such was actually the import of what was said to each plaintiff cannot be conclusively determined on the record here. Many factors enter into such a determination, including the effect of the written warning contained on the confirmation slips received by plaintiffs after each order was placed.[9] On these motions for summary judgment, plaintiffs are entitled to an inference favorable to their interpretation of what was said to them as statements of fact.

Furthermore, there is an issue of fact here insofar as the question of reliance is concerned. Whether reliance by a plaintiff on misrepresentations made to him was reasonable depends upon all the circumstances surrounding each transaction in question. Defendant argues that the business sophistication of many of the plaintiffs made it unreasonable for them to rely on statements of Legg's sales representatives in purchasing Hamilton Life Insurance Company stock. It is further urged that the salient facts as to Hamilton Life Insurance Company were all either known to plaintiffs or completely available to them and that plaintiffs were therefore not reasonably diligent in making their own investigations of this stock. Again, the depositions that have been filed show that the remaining plaintiffs are not as a matter of law foreclosed at this stage of the case on these questions. The conflicting inferences that arise as a result of the testimony of each plaintiff can be resolved only at trial.

### III

This Court has previously determined that the controlling limitations period in

---

9. Each of the defendant's confirmation slips contained the following language:

"That if any information is given by us or our representatives as to the financial or other responsibility of individuals, firms or corporations, or as to values or prospects of stocks, bonds, or other property, or other similar in-

formation, such information constitutes an opinion only. . . ."

By itself, such a clause cannot have the effect of converting a statement of fact into one of opinion, although it is a factor to be considered together with other pertinent circumstances in deciding the question.

this case is the 2 year period contained in § 34 of Article 32A of the Maryland Annotated Code, as it existed before this statute was amended in June of 1968. 52 F.R.D. at 558. It has further been held that such period of limitations would commence to run on the date that the illegal action should have been discovered by a plaintiff in the exercise of due diligence. 52 F.R.D. at 558–559.

In the course of each of the 14 depositions taken, each plaintiff was questioned closely by defendant's counsel concerning the dates of and the facts relating to the circumstances which led to such plaintiff's conclusion that misrepresentations of material fact had been made to him. Defendant argues that as to all or at least some of the transactions in question, each plaintiff is barred because in the exercise of due diligence, he should have known more than 2 years before he filed suit that misrepresentations of material fact had been made to him.[10]

In support of its arguments, defendant relies on extensive uncontested facts in the record relating to the financial affairs of Hamilton Life Insurance Company between 1963 and 1967. The Company's annual reports for 1963, 1964 and 1965 showed operating losses of $45,035, $495,890 and $329,563 respectively. The price of the common stock declined between July, 1963 and July, 1966 from $63 to $15 per share. These and other facts were admittedly known by some of the plaintiffs, some of whom had better access to pertinent information than did others. However, each such plaintiff further testified that he continued to hold his stock because of consultations with and recommendations made by representatives of defendant after these facts came to light.

Before defendant's statute of limitations defense can succeed at this stage of the litigation, it must appear, without factual dispute, that each plaintiff knew or by the exercise of reasonable diligence should have known both that the representations in question were false *and* that they were negligently made. The standard to be applied here is one of due care. Where such a standard is the issue, it is particularly difficult for summary judgment to be granted. Before a Court can properly determine if a party acted with reasonable diligence, all of the surrounding circumstances must be examined. In this case, such an inquiry would include not only considering what was said at the time of the initial contact between a plaintiff and a representative of defendant but also all later communications between such individuals. Only then would this Court be properly able to decide (1) whether the plaintiffs (or any of them) in Civil No. 19709 should reasonably have discovered before July 16, 1966 that their purchases of Hamilton stock were the result of negligent misrepresentations made by defendant, and (2) whether the plaintiffs (or any of them) in Civil No. 20512 should reasonably have discovered before February 27, 1967 that their purchases of Hamilton stock were the result of such misrepresentations. On the present record, there are sufficient inferences favorable to plaintiffs' position for this Court to deny the motions here.

In Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970), the Eighth Circuit held in a case involving a Rule 10b–5 claim that the statute of limitations should run from the date of the discovery of the fraud or from the date the fraud upon reasonable inquiry should have been discovered. In that case, as

---

10. Civil No. 19709 was filed in this Court on July 16, 1968 by 10 plaintiffs or plaintiff-entities, and Civil No. 20512 was filed on February 27, 1969 by 7 plaintiffs or plaintiff-entities. The critical date for the remaining plaintiffs in the first action is July 16, 1966, while such date for the plaintiffs in the later suit is February 27, 1967.

in this one, the argument was made that the entire financial situation of the corporations involved was known to the investors and should have enabled them in the exercise of due diligence to have discovered the alleged fraud on a date which would have barred their claims under the applicable statute of limitations. Noting that the record was not clear as to when the alleged fraud should have been discovered with due diligence on the part of the investors, the Court said at page 1241:

"Summary judgment under the Federal Rules of Civil Procedure, Rule 56, is to be used only in cases where there is no genuine issue as to any material fact. Chambers v. United States, 357 F.2d 224 (8th Cir. 1966). Here we have a disputed unresolved issue of fact, namely, by what date was the alleged fraud discovered or should it have been discovered. It is not possible to determine whether the statute of limitations is a bar to this action until this issue is decided. Thus, we remand this question to the District Court for trial."

To the same effect is Klein v. Auchincloss, Parker & Redpath, 436 F.2d 339, 341–342 (2d Cir. 1971), in which summary judgment for defendants was reversed and the issue of limitations was remanded for trial.

Defendant's reliance on Chiodo v. General Waterworks Corporation, 380 F.2d 860 (10th Cir. 1967), cert. den. 389 U.S. 1004, 88 S.Ct. 562, 19 L.Ed.2d 599 (1967), is misplaced. That case involved no representations by employees of a stock brokerage firm. The Court concluded that the plaintiff Chiodo, because of his close connection with the company for a period of many years was in a better position than any other person to know the true value or worth of the property. The Court found (1) that any statement by an outsider to Chiodo could be nothing more than an expression of an opinion, and (2) that in any event Chiodo, with full knowledge of the true value of the stock, was in the best position for more than three years prior to the bringing of the suit to ascertain whether any statements made to him by another were false. 380 F.2d at 867–868.

## IV

For the reasons stated, defendant's motion for summary judgment dismissing the claims of the plaintiff Levinstein is granted. Defendant's motions for summary judgment dismissing the claims of the other plaintiffs are denied.