Pascuala **FLORES**, Individually and on behalf of all other persons similarly situated, Plaintiff,

v.

John D. **KELLEY**, Individually and in his capacity as Director of the Lake County Department of Public Welfare, et al., Defendants.

No. 71 H 269.

United States District Court, N. D. Indiana, Hammond Division.

Nov. 30, 1973.

Robert De Chellis, Legal Intern, Valparaiso University School of Law, Legal Aid Clinic, Seymour Moskowitz, Valparaiso University School of Law, Kenneth E. Podell, Legal Intern, Valparaiso University School of Law, Valparaiso, Ind., Burton D. Weschler, Gary, Ind., C. Jerome Smith, Joseph L. Skozen, Hammond, Ind., George Halkias, Gary, Ind., for plaintiff.

John P. Segovia, Gary, Ind., Theodore L. Sendak, Atty. Gen. of Ind., Elizabeth H. Hamacher, Fredrick R. Spencer, George M. Curry, Deputy Attys. Gen., Indianapolis, Ind., for defendants.

## MEMORANDUM OPINION

ALLEN SHARP, District Judge.

This case was commenced on September 17, 1971 when the plaintiff filed its complaint asserting the constitutional invalidity of Sections 52–1201(a) and 52–1221(a) of Indiana Statutes Annotated (Burns 1972) as well as rules, regulations and policies thereunder because of the limiting provisions relating to citizenship. The essential allegation was that the residency requirements in those statutes and regulations were constitutionally invalid and unconstitutionally excluded resident aliens. The State statutes referred to were alleged to be in conflict with Article I, Article VI as

well as the First and Fourteenth Amendments to the Constitution of the United States. It was also alleged that said Indiana statutes were in violation of Title 42, United States Code, Section 2000d and Title 42, United States Code, Section 1981. Jurisdiction of this court was asserted under Title 28, United States Code 1331 and Title 28, United States Code 1343(3)(4) as well as Title 42, United States Code 1983. Jurisdiction was also asserted for purposes of declaratory judgment under Title 28, United States Code, Sections 2201 and 2202. It is also asserted that the plaintiff brings this action as a class action under Rule 23(a)(b)(2) of the Federal Rules of Civil Procedure. It is specifically alleged in the plaintiff's complaint that the class is so "so numerous that joinder of all members is impractical". The complaint continues to detail and assert seven different claims for relief on behalf of the plaintiff who claims to be a resident alien residing in Lake County, Indiana. The prayer for relief in the plaintiff's complaint requests a wide variety of actions by this court including a preliminary injunction, an order to determine that this is a proper class action under Rule 23 of the Federal Rules of Civil Procedure, a preliminary injunction, a declaratory judgment, a permanent injunction, an order directing the defendants to notify all persons who have been denied certain benefits because of their lack of citizenship and who may now be eligible for such benefits and who may reapply, for an order directing the defendants to pay retroactive benefits to the plaintiff, for costs and for all other proper relief.

On July 5, 1973 the plaintiff filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. This motion for summary judgment requests the entry of a declaratory judgment at this stage of the proceedings declaring Indiana Statutes Annotated, Sections 52–1201(a) and 52–1221(a) (Burns 1972), IC 1971 12–1–5–1 and IC 1971 12–1–6–1, as well as Chapter I, Chart I, of the Indiana State Welfare Manual and all rules, regulations and policies thereunder as unconstitutional and invalid. Said motion for summary judgment also asks, at this stage in the proceedings, for a permanent injunction in joining the defendants, their successors, agents and employees from enforcing said State statutes, Manual and Regulations. Said motion for summary judgment further requests, at this stage in the proceedings, an order of restitution to the plaintiffs of benefits which have been unconstitutionally withheld by State and County officials since the decision of the Supreme Court of the United States in Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534, decided June 14, 1971. Lastly, said motion for summary judgment requests that the defendants be ordered to send a copy of this court's decree on this motion for summary judgment to all 92 County Departments of Public Welfare in the State of Indiana.

On June 21, 1972 the defendants filed their answer to plaintiff's complaint which asserts numerous jurisdictional issues and defenses on the merits. Among the matters put in issue are the factual basis for a class action and the question of the obligation to pay retroactive payments. Also pending and unruled upon is a petition to intervene by another resident alien who claims to be in the same class as the plaintiff. In this regard the intervenor alleged that "the representative [sic] of applicant's interest by the plaintiff herein is or may be inadequate".

The present posture of this case demands that all pleadings are to be liberally construed in favor of the party or parties against whom the motion for summary judgment is made but the court may pierce pleadings and determine from depositions, admissions and affidavits, if any, in the record whether a material issue of fact actually exists.

If after such scrutiny any issue as to a material fact depositive of a right or duty remains, the case is not ripe for disposition by summary judgment and the parties are entitled to a full trial on the merits. See Machinery Center, Inc. v. Anchor National Life Ins. Co., 434 F.2d 1 (10th Cir. 1970). All reasonable doubts as to whether there is any evidence of a genuine issue as to a material fact should be resolved against the movant for summary judgment. See Central National Ins. Co. of Omaha v. Royal Indemnity Co., 337 F.Supp. 319 (DC Neb.1972). A motion for summary judgment should be granted only where it is perfectly clear where no issue of fact is involved and inquiry into facts is not desirable to clarify the application of the law, even where there is no dispute as to evidentiary facts in the case but only as to conclusions to be drawn therefrom. See Crane Co. v. Aeroquip Corp., 356 F.Supp. 733 (DC Ill.1973).

■ Where jurisdictional issues are inextricably intertwined with merits it is proper for the court to deny motion for summary judgment for want of subject matter jurisdiction on the basis that there are genuine issues of fact, the resolution of which will not only affect the jurisdiction but also the merit. See Elektra Industries, Inc. v. Honeywell, Inc., 58 F.R.D. 118 (DC Ill.1973). The party moving for a summary judgment must demonstrate the entitlement to it beyond a reasonable doubt. See James v. Atchison T. & S.F. Railroad Co., 464 F.2d 173 (10th Cir. 1972). See also, First National Bank of Cincinnati v. Pepper, 454 F.2d 626 (2d Cir. 1972), and Burk v. Gateway Clipper, Inc., 441 F.2d 946 (3rd Cir. 1971).

■ It has been repeatedly held that a District Court has broad discretion in the denial of motions for summary judgment in favor of a full hearing on the merits. Such a court has discretion to deny an otherwise justified motion for summary judgment if arguments of parties have failed to clarify the underlying

facts. See George R. Whitten, Jr., Inc. v. Paddock Pool Builders, Inc., 424 F.2d 25 (1st Cir. 1970). See also, Wimberly v. Clark Controller Co., 364 F.2d 225 (6th Cir. 1966). See also, Associated Hardware Supply Co. v. Big Wheel Distributing Co., 355 F.2d 114 (3rd Cir. 1965).

■■ Even where a motion for summary judgment meets the technical requirements for the granting of a motion the court may in its discretion deny the motion in favor of a full hearing on the merits. See Anthony Grace & Sons, Inc. v. United States, 345 F.2d 808, 170 Ct. Cl. 688 (1965), reversed on other grounds, 384 U.S. 424, 86 S.Ct. 1539, 16 L.Ed.2d 662. Where a case involves complex issues of fact or unsettled questions of law a District Court may properly exercise its discretion in denying summary judgment. See Petition of Bloomfield S.S. Co., 298 F.Supp. 1239 (DC N.Y.1969), affirmed 422 F.2d 728 (2d Cir. 1969).

It has often been suggested that summary judgment is a lethal weapon and District Courts must be mindful of its aims and targets and beware of overkill in its use. See Brunswick Corp. v. Vineberg, 370 F.2d 605 (5th Cir. 1967).

Applying the above principles to this case it would appear that granting the summary judgment requested by the plaintiff at this time and under the present posture of the case would be improvident. In ruling on a motion to dismiss in this case on May 22, 1972 Judge Beamer stated:

"Applying the rule in Ex parte Young [209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)] here, it seems clear that the present action, at least in so far as it seeks a declaratory judgment of unconstitutionality and an injunction against enforcement, is not barred by the Eleventh Amendment. The motion to dismiss for lack of subject jurisdiction must therefore be denied.

Defendants contend that at the very least the amendment deprives the court of jurisdiction to order payment of retroactive benefits by the State. That question need not be decided at this stage. The court clearly has jurisdiction over the subject matter. Whether it has jurisdiction to grant all of the relief is a different question, and one that can best be resolved after a hearing on the merits. Unless the court determines, on the merits, that retroactive benefits are warranted, the question is moot."

It appears that there are at least two legal issues in this case that will determine upon a further development of the facts. One is the question of the entitlement, if any, of this plaintiff to retroactive benefits and the extent of those benefits. Secondly, it remains incumbent upon this plaintiff to sustain her burden of proof under Rule 23 of the Federal Rules of Civil Procedure a question which cannot be appropriately determined on a motion for summary judgment. In this regard a class action is not appropriate where the same relief could be afforded without its use. See Martinez v. Richardson, 472 F.2d 1121 (10th Cir. 1973). The plaintiff has the specific burden of establishing that all the requisites of a class action have been complied with. McAdory v. Scientific Research Instruments, Inc., 355 F.Supp. 468 (DC Md.1973). It is also within the sound discretion of District Courts to effect a realistic administration of Rule 23 of the Federal Rules of Civil Procedure particularly with respect to a determination of the most fair and efficient procedure. See Wilcox v. Commerce Bank of Kansas City, 474 F.2d 336 (8th Cir. 1973).

The question of whether to allow a suit to proceed as a class action is one primarily for determination of the trial judge and if such judge applies the correct criteria to the facts of the case the decision should be considered within his discretion. See Gold Strike Stamp Co.

v. Christensen, 436 F.2d 791 (9th Cir. 1970). See also, City of New York v. International Pipe and Ceramics Corp., 410 F.2d 295 (2d Cir. 1969). See also, Castro v. Beecher, 459 F.2d 725 (1st Cir. 1972). See also, Buford v. American Finance Co., 333 F.Supp. 1243 (DC Ga. 1971).

There are also other problems illustrated in recent cases with regard to the right of a plaintiff to bring a class action. This was recently illustrated in O'Brien v. Shimp, 356 F.Supp. 1259 (DC Ill.1973). In another recent case the existence of only two people claiming damages under Title 42, Section 2000e made joinder a superior method of handling the case and it could not be maintained as a class action. McAdory v. Scientific Instruments, Inc., 355 F.Supp. 468 (DC Md.1973).

The burden is clearly on the plaintiff seeking to represent a class to demonstrate the maintenance of a class action is proper. See Cusick v. N.V. Nederlandsche Combinatie Voor Chem. Ind., 317 F.Supp. 1022 (DC Pa.1970), and Weisman v. MCA, Inc., 45 F.R.D. 258 (DC Del.1968).

In this same context the adequacy of representation in a class action is generally a question of fact to be raised and resolved in the trial court. See Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909 (9th Cir. 1964). See also Flaherty v. McDonald, 178 F.Supp. 544 (DC Cal.1959), Zeigler v. Gibralter Life Ins. Co. of America, 43 F.R.D. 169 (DC S.D.1967), and Molina v. Sovereign Camp, W.O.W., 6 F.R.D. 385 (DC Neb. 1947).

Since the factual questions involved in the right to retroactive payment and whether or not this is a proper case to be brought as a class action are intertwined with other legal and factual issues in this case this court prefers to exercise its authority and discretion in favor of a full hearing on the merits in which all of the parties will have the advantages of the truth seeking procedures

of a civil trial. This approach to the case seems clearly consistent with the thought of Chief Judge Beamer when he ruled on defendants' motion to dismiss.

If the sole and only claim of the plaintiff in this case was for a declaratory judgment declaring the above cited Indiana Statutes and Regulations unconstitutional under the authority of Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971), this court would grant a summary judgment. However, the plaintiff's complaint here goes well beyond such a simple request and specifically seeks relief that raises other issues that are not so easily resolved on a motion for summary judgment.

The complete record in this case clearly demonstrates that justice can best be done here by a full trial on the merits. This court therefore exercises its well established discretion under Rule 56 of the Federal Rules of Civil Procedure to accomplish that end.

Therefore, the plaintiff's motion for summary judgment is hereby denied.