In re HOSPITALITY OF VERMONT, INC., d/b/a Bardwell Hotel & Motor Inn, Debtor.

William S. LYONS, Plaintiff,

v.

HOSPITALITY OF VERMONT, INC., d/b/a Bardwell Hotel & Motor Inn, Walter L. Kenney, Jr., Elfriede Kenney, Michael Heims, Harold Heims, and Ruth Heims, Defendants.

In re V & V, INC., Debtor.

William S. LYONS, Plaintiff,

v.

V & V, INC., d/b/a the Pheasant Lounge and Restaurant, Walter L. Kenney, Jr., Elfriede Kenney, Michael Heims, Harold Heims, and Ruth Heims, Defendants.

Bankruptcy Nos. 80–00082, 80–00083. Adv. Nos. 80–0077, 80–0076.

United States Bankruptcy Court, D. Vermont.

Feb. 11, 1983.

James B. Anderson, New York City, for Michael Heims, Harold Heims and Ruth Heims.

Richard Smith, Rutland, Vt., for Walter L. Kenney, Jr., and Elfriede Kenney.

Mark L. Sperry, Burlington, Vt., for William S. Lyons.

Jerome I. Meyers, Springfield, Vt., trustee pro se.

John H. Bloomer, Rutland, Vt., for debtor.

## MEMORANDUM AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

CHARLES J. MARRO, Bankruptcy Judge.

The instant Motions for Summary Judgment stem from adversary proceedings for relief from stay filed by the Plaintiff, William S. Lyons, on June 13, 1980. Preliminary hearings were scheduled for July 14, 1980, but were continued on the request of Plaintiff's counsel. Subsequently, the Plaintiff filed Amended Petitions for Relief and Complaints on September 30, 1980, to which party Defendant Heims answered and counterclaimed on October 8, 1980; Defendants Kenney answered and counterclaimed on October 10, 1980; Defendants V & V, Inc., and Hospitality of Vermont, Inc., answered October 16, 1980; to which the Plaintiff answered the respective counterclaims on October 22, 1980.

On September 16, 1982, Defendants Heims filed Motions for Summary Judgment, accompanied by Affidavits. On September 21, 1982 Defendants Kenneys filed objections to Heims' Motion and requested an entry of summary judgment against Heims. On November 16, 1982, Plaintiff Lyons also filed Motions for Summary Judgment with supporting Affidavits.

On November 23, 1982 a hearing was held on the Motions for Summary Judgment of Heims as well as the Motions of Kenneys, at which time the matters were taken under advisement. The subject matter of the actions and the counterclaims stem from a security agreement executed on December 30, 1976 from the Kenneys to the Heims

covering "... [f]urnishings, furniture and equipment ... located in the Bardwell Hotel premises;" a security agreement executed on November 2, 1978, from V & V, Inc., to the Kenneys covering "... [f]urniture, furnishings, equipment and fixtures ... now located at 132–142 Merchants Row," and a subsequent sale and lease-back arrangement between V & V, Inc., and William S. Lyons.

The parties, while asserting that there are no genuine issues of material fact, have failed to submit evidence to sustain their burden of showing no such fact. It is on this basis that the Motions for Summary Judgment should be denied.

## LAW

■ Summary judgment should be generally granted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), as applicable to Bankruptcy Rule 756. However, even in cases where the party making the motion for summary judgment has met the technical requirements for the granting of the motion, the Court may in its discretion deny the motion in favor of a full hearing on the merits. *Flores v. Kelley,* 61 F.R.D. 442 (D.Ind.1973).

■ In the instant case, the Court concludes that the moving parties have not met their burden. Defendant Heims has submitted an Affidavit to support his Motion and argument that the Plaintiff Lyons never filed certain documents. As stated in the Affidavit of Victor Segale, "... [i]t is my opinion, that William S. Lyons never filed ... any notice of transfer ... any lease ... any UCC Financing Statement to perfect any security interest ..." The Affidavit further states "... [T]his information is based upon my own knowledge, information and belief, and experience, and I believe the same to be the true state of facts ..." Affidavits in this nature, prefaced by phrases such as "I believe" or "upon information and belief" or those made upon an "understanding" are properly the subject of a motion to strike. This was found

to be true in affidavits opposing a motion for summary judgment, *Cary v. Beans,* 500 F.Supp. 580 (E.D.Pa.1980) and should similarly be held to be improper when made in support of such a motion.

■ On the other side, Lyon's Counsel has submitted his own Affidavit in support of Lyons' Motion. While it is permissible, it is not advisable for an attorney to present his own affidavit in connection with a motion for summary judgment. *Lowell v. Wantz,* 85 F.R.D. 290 (E.D.Pa.1980).

■ Even if it were assumed that the instant parties had satisfied the criteria for summary judgment, "the Court may deny summary judgment as a matter of discretion." *Fine v. City of New York,* 71 F.R.D. 374, 375 (S.D.N.Y.1976). As stated in *Flores v. Kelley,* 61 F.R.D. 442, 445, (D.Ind. 1973):

It has been repeatedly held that a District Court has broad discretion in the denial of motions for summary judgment in favor of a full hearing on the merits. Such a court has discretion to deny an otherwise justified motion for summary judgment if arguments of parties have failed to clarify the underlying facts. See *George R. Whitten, Jr., Inc., v. Paddock Pool Builders, Inc.,* 424 F.2d 25 (1st Cir.1970). See also, *Wimberly v. Clark Controller Co.,* 364 F.2d 225 (6th Cir. 1966). See also *Associated Hardware Supply Co. v. Big Wheel Distribution Co.* 355 F.2d 114 (3rd Cir.1965).

In the instant case, such a clarification is needed.

■ Filing cross-motions for summary judgment does not alter the Court's inquiry as to satisfying the burden nor is the Court's discretion altered. As stated in *Rypkema v. Bowers,* 66 F.R.D. 564 (1974):

At the outset, it must be noted that cross-motions for summary judgment alone do not as such establish that either of the movants is entitled to relief. Both motions must be denied if there exists a genuine issue of fact. *American Fid. & Cas. v. London & Edinburgh Ins. Co.,* 354 F.2d 214 (4th Cir.1965). In addition, sum-

mary judgment is not proper where inquiry into the facts is deemed desirable by the Court to clarify the application of the law. *Kirkpatrick v. Consolidated Underwriters,* 227 F.2d 228 (4th Cir.1955); *Molinaro v. Watkins-Johnson CEI Division,* 359 F.Supp. 467 (D.Md.1973); *Batchelor v. Legg & Co.,* 55 F.R.D. 557 (D.Md.1972). This is especially true and particularly desirable where the case presents complex questions or ones which may be of first impression. *Fine v. City of New York,* 71 F.R.D. 374 (D.C.N.Y.1976). In the instant case, the after-acquired property question has yet to be considered in this jurisdiction.

As suggested by the Court in *Flores v. Kelley, supra,* "... summary judgment is a lethal weapon and District Courts must be mindful of its aims and targets and beware of overkill in its use. See *Brunswick Corp. v. Vineberg,* 370 F.2d 605 (5th Cir.1967)."

In applying the above principles to the instant case, it appears that granting of the motions requested by the parties at this time and under the present posture of the case would be improvident.

Although there has not been a full hearing on the cross motion of William S. Lyons for summary judgment the foregoing legal principles are equally applicable to him.

It is also noted that the issue has been raised by Kenney that the security interest of Heims has been satisfied by the Decree of Foreclosure as to the real estate and this is a matter which may not be resolved by summary judgment.

ORDER

Now, upon the foregoing,

IT IS ORDERED:

1. That the Motion for Summary Judgment by Michael Heims, Harold Heims, and Ruth Heims is DENIED.

2. That the Motion for Summary Judgment of Walter L. Kenney, Jr., and Elfried Kenney against Defendant Heims is DENIED.

3. The Cross Motion of William S. Lyons for summary judgment is DENIED.