MANPOWER, INC. OF TIDEWATER

v.

The UNITED STATES.

No. 230–74.

United States Court of Claims.

April 16, 1975.

F. Trowbridge vom Baur, Washington, D. C., of record, for plaintiff; vom Baur, Coburn, Simmons & Turtle, Monroe E. Freeman, Jr., and James M. McHale, Washington, D. C., of counsel.

Gerald L. Schrader, Washington, D. C., with whom was Asst. Atty. Gen. Carla A. Hills, New York City, for defendant.

Before COWEN, Chief Judge, DAVIS and NICHOLS, Judges.

PER CURIAM:

At issue here is whether the Government breached its contractual obligation, under the Disputes clause, to have its contracting officer render a timely decision, thus freeing the plaintiff-contractor to file suit in this court without exhausting its administrative remedies. In July 1971 plaintiff Manpower Inc. of Tidewater entered into a contract with the Navy to furnish complete segregation, identification, inventory, location and data processing services for material taken from the USS FORRESTAL and deposited in warehouses in the Norfolk/Portsmouth area. In the course of performance the company considered that its work was seriously obstructed by various disruptions of the Government and failures to supply proper equipment and facilities. On October 22, 1971, it submitted a claim under the Changes clause for an equitable adjustment in the contract price due to these alleged constructive changes. This claim was revised, supplemented and clarified by letters of November 12, 1971 and January 25, 1972. The amount sought was on the order of $20,000.

The claim and letters were received by the Navy but nothing was done about them for over two years; because of a change of personnel, the claim appears to have been simply left in limbo without any processing or action. On March 18, 1974, plaintiff inquired about its claim. The Navy then discovered that nothing at all had been done and asked for a copy of the November 12th letter which could not be found in the Government's file; this was provided by plaintiff. On May 3, 1974, the contracting officer advised plaintiff that the method by which the latter had chosen to measure its claim—which the defendant called the "total cost method"—was unacceptable and invited the company to submit additional data to support its demand.

The plaintiff did not respond but filed suit in this court on June 26, 1974. The petition asserted that (a) the contracting officer's "delay in acting on Plaintiff's claim and his present refusal to render a decision on the grounds stated in his letter of 3 May 1974, are arbitrary, unreasonable and capricious in light of the detailed claim submission made by Plaintiff more than two years ago," and (b) "Defendant's delay in acting on Plaintiff's claim and Defendant's present refusal to render a decision is a breach of the Disputes clause as to those elements of Plaintiff's claim that might otherwise be adjustable under the contract, discharging Plaintiff from any obligation to pursue administrative remedies with respect thereto."

Defendant has moved for summary judgment on the ground that plaintiff is required to pursue and exhaust its contractual remedy before coming to court. We agree, however, with plaintiff that in these circumstances it had the right to institute the action.

The more-than-two-year delay in rendering a final decision was obviously far too long for a claim of this moderate size and relatively uncomplicated character (Universal Ecsco Corp. v. United States, 385 F.2d 421, 425–26, 181 Ct.Cl. 10, 18 (1967); New York Shipbuilding Corp. v. United States, 385 F.2d 427, 436, 180 Ct.Cl. 446, 462 (1967); Oliver-Finnie Co. v. United States, 279 F.2d 498, 503, 150 Ct.Cl. 189, 196–97 (1960) ), and, just as obviously, the Navy was in no way excused because the administrator originally handling the matter left Navy employment, shortly after the filing of the claim, without informing anyone about the claim's pendency. Defendant says that plaintiff was at fault for letting two years go by without making an inquiry, but we have said that "It is the Government's obligation, not the

contractor's, to see that a proper 'final decision' is rendered once a claim has been tendered." Zidell Explorations, Inc. v. United States, 427 F.2d 735, 738, 192 Ct.Cl. 331, 336–37 (1970). A contractor is not required to continue to press the Government agency to decide his claim. It is the defendant's obligation to take that step in reasonable time.

█ The Government's next argument is that the contracting officer's letter of May 3, 1974, was in effect an adverse decision,[1] that the company was aware of the Navy's adverse position, and that the Navy's failure to issue a technical "final decision" was formal rather than substantial. We cannot accept this contention because the May 3d letter, rather than definitively rejecting the claim, invited further submissions by the contractor. The last sentence said: "In order to give your claim proper consideration, it will be necessary to adequately support your allegations as well as costs claimed." This is not a rejection, but a request for further information.[2]

Relying on Clement Brothers Co. v. United States, 418 F.2d 1356, 190 Ct.Cl. 50 (1969), defendant then urges that at no time, before filing suit, did Manpower Inc. of Tidewater wash its hands, because of the delay, of the administrative process. That rule of *Clement Brothers* applies, however, only where action is commenced *after* the administrative decision has been handed down. Here, suit was filed before either an informal or a formal adverse determination. Indeed, plaintiff gave fair warning when its letter of March 18, 1974 ended by saying: "If we have not resolved this claim at the contracting officer level within sixty days of your receipt of this letter, we shall pursue our further administrative and legal remedies." This suit was not commenced until more than sixty days thereafter (June 26, 1974)—and no reso-

lution had come forth from the contracting officer by that time.

Finally, defendant argues that the company's only remedy was to appeal to the Armed Services Board of Contract Appeals on the ground that the contracting officer had unreasonably delayed his decision. In Sun Shipbuilding & Dry Dock Co. v. United States, 461 F.2d 1352, 1357 n. 12, 198 Ct.Cl. 693, 702 n. 12, cert. denied, 409 U.S. 1023, 93 S.Ct. 465, 34 L.Ed.2d 315 (1972), we pointed out that that contractor could have made the contracting officer's failure to act the subject of a "dispute," but that was because the particular Disputes clause specifically declared that any "omission" of the contracting officer could be the subject of a dispute. The standard Disputes clause, involved here, is quite different in wording, and it is not easy to read it as vesting jurisdiction in the Board of Contract Appeals over the failure of the contracting officer to render a decision. In any event, we are not disposed to rule that a contractor's only remedy is to ask for relief from the Board of Contract Appeals. An established line of decisions of this court has held that, if there is unreasonable delay in the administrative process, the Government has thereby breached its implied obligation to resolve disputes in a reasonable time, and the contractor can then sue directly in this court if it wishes to do so. *See* Sun Shipbuilding & Dry Dock Co. v. United States, *supra*, 461 F.2d at 1361, 198 Ct.Cl. at 707–08. To insist that the contractor must seek his relief from the Board of Contract Appeals would run counter to this settled principle.

For these reasons, we deny defendant's motion for summary judgment and remand the case to the trial division for trial or other appropriate proceedings to determine the merits of plaintiff's contractual claim.

---

1. The letter said, among other things, that the "total cost" method "is totally unacceptable for pricing an equitable adjustment for claimed constructive changes."

2. The Government has itself furnished an affidavit of the then contracting officer which says that he considered the contractor's pre-

sentation inadequate and adds: "I decided to allow the contractor a further opportunity to support its claim rather than to summarily reject the claim" or allow it in a minimal sum. "I gave this opportunity to the contractor by my letter of May 3, 1974."