"This contract case comes before the court on defendant’s motion for summary judgment. The petition alleges that defendant has breached its implied obligation to render a prompt decision on a claim for an equitable adjustment under a contract.
*441 "After an adverse decision of the contracting officer on June 19, 1975, plaintiff filed its notice of appeal with the Corps of Engineers Board of Contract Appeals on July 9, 1975. Plaintiff did not file its complaint with the board until November 19, 1977. In the interim, plaintiff made several attempts to have the Corps’ division counsel settle the claim, but, plaintiff says, defendant failed to negotiate. Having waited over 2 years for resolution of its claim, plaintiff sued on August 11, 1977, contending that it is entitled to invoke the rule that unreasonable delays in the administrative resolution of contract disputes can be treated as breaches. Manpower Inc. v. United States, 206 Ct. Cl. 726, 513 F.2d 1396 (1975).
"But the Manpower decision teaches that, where suit is filed after there has been an initial administrative determination (as there was by the contracting officer here), claims under the contract may be treated as breaches only where the Government’s delay has caused the contractor to abandon the administrative process. Here, plaintiff cannot complain about the board’s failure to decide its claim, for board rules required that a complaint be filed, 33 C.F.R. § 210.4(c), (g), Rules 2, 6 (1976), a step which plaintiff took only in late November 1977. Thus, even if allegations concerning the regional counsel’s treatment of plaintiffs efforts to negotiate were true or false, plaintiff nonetheless could have instigated board proceedings at any time by the required complaint. Plaintiffs failure to do this cannot be blamed on the Government.
"Plaintiff thus cannot demonstrate injury caused by governmental breach of the implied covenant to resolve disputes in a reasonable time.
"it is therefore ordered, upon the written submissions of the parties, but without oral argument, that defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed without prejudice.”