Contracts; disputes; failure to exhaust administrative remedies; labor standards dispute, reference of to Secretary of Labor. — On March 28, 1980 the court entered the following order:
*699 Before Friedman, Chief Judge, Kunzig and Bennett, Judges.
The case is before the court on the defendant’s motion to dismiss this breach-of-contract action and the plaintiffs motion to strike that motion (which we treat as the plaintiffs answer to the motion). The basis of the motion to dismiss is that the plaintiff has not exhausted its administrative remedies. We conclude that the defendant is correct, and we therefore dismiss the petition.
The plaintiff entered into a contract with the Department of the Army to install storm windows. Following completion of the work, the contracting officer notified the plaintiff that the plaintiff had violated certain labor standards provisions of the contract by improperly classifying as laborers employees who allegedly should have been classified as higher-paid carpenters. The Secretary of the Army referred the matter to the Secretary of Labor for investigation and withheld the final contract payment of $27,500.
In addition to the standard disputes clause, the contract contains a separate provision dealing with disputes of labor standards:
Disputes arising out of the labor standards provisions of this contract shall be subject to the Disputes clause except to the extent such disputes involve the meaning of classifications or wage rates contained in the wage determination decision of the Secretary of Labor or the applicability of the labor provisions of this contract which questions shall be referred to the Secretary of Labor in accordance with the procedures of the Department of Labor.
The Armed Services Procurement Regulation provides that pending such investigation the contracting officer shall withhold from the contractor an amount equal to the estimated underpayments together with any estimated liquidated damages due to the United States. 32 C.F.R. § 18-704.13 (1976). The regulation further provides that the opinion of the Secretary rendered on the reference "shall be made a part of the contract file and shall be applied . . . (iii) by the contracting officer in reaching his decision pursuant to the Disputes Clause” Id. § 18-706.
*700 The contracting officer has not rendered any decision on the dispute. The defendant has stated, however, that on February 25, 1980, the Department of Labor advised the contracting officer that the Labor investigation has been completed, that a formal report of investigation will be forthcoming, and that "[i]t is anticipated that the contracting officer will then be able to render a final decision in the near future. . . .”
The labor standards clause of the contract in this case and section 18-706 of the Armed Services Procurement Regulation provide that, before the contracting officer may resolve the dispute over the proper classification of the plaintiffs employees as laborers or carpenters, the dispute must be referred to the Secretary of Labor for investigation and report. The contracting officer made such reference sometime after September 20, 1978. The effect of that reference was to suspend the authority of the contracting officer to resolve the dispute until the Secretary of Labor has acted. That fact, however, did not render the disputes procedure inapplicable or void the need to follow it. It merely temporarily stayed that proceeding until the Secretary had acted, which now has occurred or is about to occur.
This court normally will not review government contract disputes before a final administrative determination is made. See, e.g., United States v. Anthony Grace & Sons, Inc., 384 U.S. 424 (1966); United States v. Utah Construction & Mining Co., 384 U.S. 394 (1966). See also Inforex, Inc. v. United States, ante at 633. This policy reflects the facts that the parties have contracted to settle their disputes through administrative proceedings and that such proceedings are a more expeditious way to resolve contract disputes. Grace & Sons, supra, 384 U.S. at 429.
The plaintiff points out that on occasion we have considered the merits of a contract dispute even though there had been no decision of the contracting officer. Those were exceptional cases, however, in which the plaintiff in fact was denied administrative consideration of its claim because the contracting officer ignored the claim {e.g., Manpower Inc. v. United States, 206 Ct. Cl. 726, 513 F.2d 1396 (1975)) or there had been unreasonable delay in determining the claim (e.g., Universal Ecsco Corp. v. United *701 States, 181 Ct. Cl. 10, 385 F.2d 421 (1967)). In the present case, in contrast, the contracting officer acted reasonably and in accordance with the contract in deferring action on the claim until the Secretary of Labor had completed the investigation and rendered a report. There is no convincing reason in this case why the plaintiff should be excused from being "required to exhaust the administrative procedure.” Grace & Sons, supra, 384 U.S. at 429-30. After the administrative proceedings have been completed, if the plaintiff is dissatisfied with the outcome, it may then invoke our jurisdiction.
The defendant’s motion to dismiss is granted, and the petition is dismissed.