J-S12025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYAN ANDREW MEHL | |
| Appellant | No. 793 MDA 2016 |

Appeal from the PCRA Order April 21, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004500-2013

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                          **FILED APRIL 10, 2017**

Ryan Andrew Mehl appeals from the order entered April 21, 2016, in the York County Court of Common Pleas dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  Mehl seeks relief from the judgment of sentence of an aggregate term of five to 10 years' imprisonment, imposed following his jury conviction of sexual assault, indecent assault without consent, and indecent assault of an unconscious person.[1]  On appeal, he argues the PCRA court erred in dismissing his claims asserting trial counsel's ineffectiveness for:  (1) failing to meet with him and discuss trial strategy; (2) failing to adequately discuss the waiver of his right to testify; and (3) failing to object when the court

_____

[1] **See** 18 Pa.C.S. §§ 3124.1 and 3126(a)(1) and (a)(4), respectively.

entered the jury room during deliberations. For the reasons below, we affirm.

The facts presented during Mehl's jury trial were recounted in detail in this Court's memorandum decision affirming his sentence on direct appeal. **See Commonwealth v. Mehl**, 120 A.3d 389 [877 MDA 2014] (Pa. Super. 2014) (unpublished memorandum at 3-8). Therefore, we need not reiterate them herein. To summarize, Mehl sexually assaulted a friend of his sister-in-law after the victim had passed out following a night of drinking. He was subsequently charged with rape of an unconscious person,[2] sexual assault, and two counts of indecent assault. The case proceeded to a jury trial. On January 24, 2014, the jury returned a verdict of guilty on one count of sexual assault, and two counts of indecent assault (without consent and unconscious person). The jury was unable to reach a verdict on the charge of rape.

On May 2, 2014, represented by new counsel, Mehl appeared for sentencing and presented an oral motion for extraordinary relief pursuant to Pa.R.Crim.P. 704(B). Mehl argued: (1) the trial court erred in denying an oral suppression motion he made during trial and permitting the Commonwealth to introduce testimony of a statement he made to a police

---

[2] 18 Pa.C.S. § 3121(a)(3).

investigator absent **Miranda** warnings;[3] and (2) trial counsel was ineffective for advising him not to testify and for failing to present character witnesses. The court denied the motion before proceeding to sentencing. Thereafter, Mehl was sentenced to a term of five to 10 years' imprisonment for sexual assault, and a concurrent term of one to two years' imprisonment for indecent assault of an unconscious person. The court also imposed a consecutive period of two years' probation for the second indecent assault charge.

Mehl filed a timely direct appeal challenging the sufficiency of the evidence and the trial court's denial of his oral suppression motion. A panel of this Court affirmed his judgment of sentence on February 23, 2015. **See Mehl**, **supra**. Mehl did not petition the Supreme Court for allowance of appeal. Thereafter, on December 23, 2015, Mehl filed a timely, *pro se* PCRA petition asserting the ineffectiveness of trial counsel for failing to file a pretrial suppression motion, failing to prepare for trial, and granting the court permission to enter the jury room during deliberations. **See** Motion for Post Conviction Collateral Relief, 12/23/2015, at 4. Counsel was promptly appointed and filed an amended petition on February 29, 2016, asserting

---

[3] **See Miranda v. Arizona**, 384 U.S. 426 (1966). During trial, Mehl presented an oral motion to suppress a statement he made to an investigator while he was in a drug rehab facility. The court held a truncated hearing, and denied the motion. **See** N.T., 1/22-24/2014, at 279-289.

claims of trial counsel's ineffectiveness. The PCRA court conducted a hearing on March 2, 2016, and, on April 21, 2016, denied Mehl's petition. This timely appeal follows.[4]

When reviewing an order dismissing a PCRA petition, we must determine whether the PCRA court's findings of fact are supported by the record, and whether its legal conclusions are free from error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted). Moreover, "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011).

Moreover, where, as here, all of the petitioner's claims assert trial counsel's ineffectiveness, our review is well-settled:

> "[C]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." To prevail on an ineffectiveness claim, appellant must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been

---

[4] On May 31, 2016, the court ordered Mehl to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Mehl complied with the court's directive, and filed a concise statement on June 15, 2016.

different absent such error. Failure to prove any prong of this test will defeat an ineffectiveness claim.

***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014) (internal citations and footnote omitted).

In his first issue, Mehl contends trial counsel was ineffective for failing to meet with him and discuss defense strategy before trial. In support of this claim, Mehl states he met with counsel only twice before his jury trial – the first time, for 15 minutes in October of 2012, and the second time, for 15 minutes prior to the start of trial in January of 2013. ***See*** Mehl's Brief at 8-9. Further, Mehl maintains he attempted to call counsel 50 times before trial, but was never able to reach him. ***See id.*** at 9. Mehl's father corroborated these allegations at the PCRA hearing, testifying Mehl tried to contact counsel "at least three times a day and three days a week before trial." ***Id.*** Mehl argues there can be no reasonable basis for counsel's "lack of communication." ***Id.*** at 10. Moreover, he asserts counsel's failure to communicate with him and discuss trial strategy prevented him "from participating in his own defense and providing critical, exculpatory evidence" which would have change the outcome of the trial. ***Id.*** at 11.

Here, the PCRA court concluded that Mehl failed to meet his burden of establishing counsel's ineffectiveness. ***See*** PCRA Court Opinion, at 7. The court noted trial counsel testified that he spoke with Mehl several times before trial. ***See id.*** at 5-6. Our review of the PCRA hearing testimony supports this finding. Trial counsel testified he spoke with Mehl "at least once on the phone prior to the pre-trial conference, at the pre-trial

conference, the one time in our office [in October 2013], and at least one other time on the telephone between that October date and trial as well as prior to trial." N.T., 3/2/2016, at 35. Although counsel acknowledged he probably never returned any messages Mehl may have left him, he stated, "I talked to him when he caught me in the office." *Id.* at 45. With regard to trial strategy, counsel explained Mehl's version of the events was consistent during their conversations, in that Mehl "admitted to the [sexual] conduct but not to the criminality." *Id.* at 35. This Court has previously found a challenge to counsel's stewardship based solely on the length and frequency of counsel's consultations with the defendant does not support a finding of ineffectiveness. *See Commonwealth v. Johnson*, 51 A.3d 237, 244 (Pa. Super. 2012) (*en banc*) (finding that although "more contact may have been advisable," in preparation for defendant's first-degree murder trial, the attorney's contact "allowed him to present a cogent trial strategy."), *appeal denied*, 63 A.3d 1245 (Pa. 2013). Accordingly, Mehl's claim has no arguable merit.

Furthermore, we find Mehl has failed to establish he was prejudiced by counsel's purported lack of contact. Indeed, while Mehl claims the lack of communication with counsel prevented him from "providing critical, exculpatory evidence[,]" he fails to identify this evidence or explain how the outcome of the trial would have been different. Mehl's Briel at 11. Accordingly, he is entitled to no relief.

In his second issue, Mehl contends trial counsel was ineffective for failing to "adequately discuss [his] right to testify prior to advising [him] to not testify." *Id.* at 11. Mehl claims he was "eager to testify; mainly to tell his version of events and maintain his innocence." *Id.* at 12. However, counsel advised him not to testify in order to preserve a potential suppression issue on appeal.[5] Mehl acknowledges that following a "brief conversation with trial counsel, [he] followed counsel's advice and did not testify." *Id.*

With regard to the ineffectiveness prongs, Mehl argues counsel's failure to "adequately discuss his right to testify" has arguable merit, and counsel had no reasonable basis for this omission. *Id.* Mehl asserts the case was dependent upon circumstantial evidence, and without his testimony, the jury was "provided with only the Commonwealth's version of events." *Id.* at 13. Finally, he claims he suffered prejudice because he "was denied the opportunity to rebut the Commonwealth's evidence with his own factual testimony and exculpatory evidence." *Id.*

_____

[5] At the PCRA hearing, counsel explained Mehl wanted to appeal the trial court's decision denying his oral suppression motion. *See* N.T., 3/2/2016, at 41-42. Counsel acknowledged he advised Mehl not to testify because he anticipated Mehl's testimony would confirm what Mehl told the investigator. *See id.* at 42. Counsel feared that any error with regard to the admission of Mehl's statement would then be viewed as harmless error on appeal. *See id.* Counsel also stated he was concerned how Mehl would be viewed by the jury because "his attitude toward the whole thing was very flippant at times." *Id.* at 50.

- 7 -

Preliminarily, we note:

The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

*Commonwealth v. Nieves*, 746 A.2d 1102, 1104 (Pa. 2000) (internal citations omitted). Our review of the trial transcript reveals that at the close of the Commonwealth's case-in-chief, trial counsel indicated Mehl had elected to testify on his own behalf, but asked for a brief recess, which the trial court granted. *See* N.T., 1/22-24/2014, at 333. After the recess, counsel informed the court that Mehl decided not to testify. The following exchange took place:

THE COURT: … All right, Mr. Mehl, did you have enough time to consider the decision about whether you wish to testify or not?

[MEHL]: Yes, Your Honor.

THE COURT: And what do you want to do?

[MEHL]: I'm choosing not to testify, I believe the facts are out there.

THE COURT: All right, do you have any question about your rights in this regard?

[MEHL]: No, Your Honor.

THE COURT: The Court finds that Mr. Mehl has knowingly, voluntarily and intelligently elected not to testify in this matter.

*Id.* at 334-335.

We again agree with the conclusion of the PCRA court that no relief is due on this claim. **See** PCRA Court's Opinion, 4/20/2016, at 6-7. The colloquy performed by the trial court demonstrated that Mehl's decision not to testify was his own, and made after adequate consultation with counsel. Moreover, counsel provided a reasonable basis for his advice, stating he believed Mehl's testimony would harm a legitimate appellate issue, and he feared Mehl's attitude might not be well received by the jury. **See** N.T., 3/2/2016, at 41-42, 50. Furthermore, Mehl failed to demonstrate how he was prejudiced by counsel's advice. While Mehl claims the jury did not hear his "factual testimony," the jury did hear, through his statement to the police investigator, that he believed the sexual contact was consensual, and initiated by the victim. **See** N.T, 1/22-24/2014, at 295, 298. **See also id.** at 339-343 (explaining Mehl's recount of the incident through his statement to the investigator). Mehl does not identify any "exculpatory evidence" or testimony he would have provided had he testified at trial that would have raised a "reasonable probability that the result of the proceeding would have been different[.]" **Fears**, **supra**, 86 A.3d at 804. Therefore, no relief is warranted on this claim.

Mehl's final allegation of counsel's ineffectiveness focuses on counsel's failure to object when the trial court entered the jury room during deliberations.[6] This issue is based on the following facts.

During deliberations, the trial court received a note from the jury indicating they were "having difficulty with one of the charges" and asking the court how to proceed. N.T., 2/22-24/2014, at 406. The court provided further instructions in the courtroom, and then sent the jury back to continue deliberations. Later, the jury sent another note explaining they were "hung" on one of the charges, and had made no further progress. *Id.* at 417. At that point, the trial court stated the following to counsel:

> I'm going to have them come out and take the verdict on the charges that we have reached a decision on, and I will first make an inquiry if there is anything else that the Court can provide to them that may assist them, or if they need more time.
>
> But before I do that, with the consent of both counsel, I'm going to briefly stick my head [in] the jury room to make sure that they've completed the verdict slip for the three charges on which they've reached a verdict, and that they've signed all 12 signatures to the verdict slip as required under the procedure.

*Id.* The court asked both prosecution and defense counsel if that procedure was "okay" with them, to which they both responded, "Yes, Your Honor."

---

[6] We note while PCRA counsel did not include this issue in his amended petition, Mehl preserved the claim in his *pro se* petition, and the PCRA court permitted testimony on the claim at the PCRA hearing. On appeal, PCRA counsel concedes that the claim lacks merit. *See* Mehl's Brief at 14. However, in the interests of justice, we will address it, as did the PCRA court. *See* PCRA Court Opinion, 4/20/2016, at 7-10.

*Id.* Shortly thereafter, the jury returned with the verdict. *See id.* at 418.

At the PCRA hearing, trial counsel testified that he could not recall if Mehl

was in the courtroom during that exchange. *See* N.T., 3/2/2016, at 49.

The PCRA Court addressed this issue as follows:

> After review of the pertinent case law, we find [Mehl's] claim of error meritless. In *Commonwealth v. Bradley*,[15] the Pennsylvania Supreme Court announced that it was eliminating the presumption of prejudice in cases involving unauthorized contact between a judge and the jury, which had been established in prior case law.[16] *Bradley* requires that the moving party show that "a reasonable likelihood of prejudice" resulted from the trial court's ex-parte communication with the jury before the reviewing court grants relief.[17]

---

[15] 459 A.2d 733, 739 (Pa. 1983); *see also* *Commonwealth v. Young*, 748 A.2d 166, 175 (Pa. 1999) (stating "where there has been *ex parte* contact between the court and jury in a criminal case, we are constrained to reverse the defendant's conviction unless there is no reasonable possibility that the error might have contributed to the conviction.").

[16] *Argo v. Goodstein*, 228 A.2d 195 (Pa. 1967).

[17] *Bradley*, 459 A.2d at 739.

---

> Here, the trial judge stated that he wanted to inquire whether the jury completed the verdict form. As evidenced by the jury's prior two notes, there were hung on one charge and the resulting verdict was consistent in the respect. There was no evidence presented that the judge's communication was more than administrative in nature, or that the jury was influenced either way by the judge. In absence of a showing of prejudice, no relief is warranted.[18]

---

- 11 -

[18] ***Commonwealth v. Daniels***, 104 A.3d 267, 296 (Pa. 2014) (stating that, "Pennsylvania law generally requires a showing that *ex parte* communications with a jury resulted in prejudice in order to warrant relief.").

PCRA Court Opinion, 4/20/2016, at 9-10.

Our review of the record and the pertinent case law reveals no basis to disturb the PCRA court's ruling. The interaction between the trial court and the jury, after the jury indicated they were unable to reach a verdict on one count, appears to have been only administrative, that is, to ensure the jurors had signed the verdict slip. Indeed, after speaking with the jurors, the court returned to the courtroom and stated: "All right, good thing that I did that because they need to complete that. Just give them a couple of minutes to sign that and bring them out." N.T., 1/22-24/2014, at 418. Because "counsel is not ineffective for failing to raise a meritless objection," we find Mehl is entitled to no relief. ***Commonwealth v. Spotz***, 47 A.3d 63, 82 (Pa. 2012).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/10/2017

- 12 -